

Page 1

631 F.Supp.2d 702
**(Cite as: 631 F.Supp.2d 702)**

H

United States District Court,
D. Maryland.
MAYOR AND CITY COUNCIL OF BALTIMORE
v.
WELLS FARGO BANK, N.A., et al.

Civil No. L–08–62.
July 2, 2009.

**Background:** City brought action against bank, alleging reverse redlining on part of bank in that bank targeted predatory residential mortgage loans at predominantly black neighborhoods in violation of Fair Housing Act (FHA), caused city damages stemming from vacancies, including decreased property tax revenues, increased police and fire department costs, and cost of boarding up and managing vacant properties. Bank moved to dismiss.

**Holdings:** The District Court, Benson Everett Legg, Chief Judge, held that:
(1) city was entitled to discovery on both of its theories of liability, including disparate impact, and
(2) city had standing to bring action under FHA.

Motion denied.

West Headnotes

**[1] Federal Civil Procedure 170A 103.5**

170A Federal Civil Procedure
   170AII Parties
      170AII(A) In General
         170Ak103.1 Standing in General
            170Ak103.5 k. Pleading. Most Cited Cases

**Federal Civil Procedure 170A 1835**

170A Federal Civil Procedure
   170AXI Dismissal
      170AXI(B) Involuntary Dismissal
         170AXI(B)5 Proceedings
            170Ak1827 Determination
                170Ak1835 k. Matters deemed admitted; acceptance as true of allegations in complaint. Most Cited Cases

When the factual basis for a plaintiff's standing is challenged, it is appropriate for the court to go beyond the allegations of the complaint and in an evidentiary hearing to determine if there are facts to support standing, even though, ordinarily, when deciding the adequacy of a complaint on a motion to dismiss, the court must accept as true the complaint's factual allegations. Fed.Rules Civ.Proc.Rule 12, 28 U.S.C.A.

**[2] Federal Civil Procedure 170A 103.2**

170A Federal Civil Procedure
   170AII Parties
      170AII(A) In General
          170Ak103.1 Standing in General
            170Ak103.2 k. In general; injury or interest. Most Cited Cases

**Federal Civil Procedure 170A 103.3**

170A Federal Civil Procedure
   170AII Parties
      170AII(A) In General
          170Ak103.1 Standing in General
            170Ak103.3 k. Causation; redressability. Most Cited Cases

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

631 F.Supp.2d 702
**(Cite as: 631 F.Supp.2d 702)**

To have standing to sue, a plaintiff must have (1) suffered an actual injury, (2) that has been caused by the defendant's challenged acts, and (3) the injury must be subject to redress by a favorable outcome.

**[3] Civil Rights 78 🗝1079**

78 Civil Rights
    78I Rights Protected and Discrimination Prohibited in General
        78k1074 Housing
            78k1079 k. Loans and financing. Most Cited Cases

**Federal Civil Procedure 170A 🗝1264**

170A Federal Civil Procedure
    170AX Depositions and Discovery
        170AX(A) In General
            170Ak1264 k. Actions in which remedy is available. Most Cited Cases

City stated claim against bank for disparate treatment discrimination under Fair Housing Act (FHA), and thus city was entitled to discovery on both of its theories of liability, including disparate impact, arising from resulting damages to city stemming from vacancies, including decreased property tax revenues, increased police and fire department costs, and cost of boarding up and managing vacant properties; although disparate impact theory had not been tested factually, action was to proceed on liability in general. Fair Housing Act, § 801 et seq.,42 U.S.C.A. § 3601 et seq.; Fed.Rules Civ.Proc.Rule 12(b)(6), 28 U.S.C.A.

**[4] Civil Rights 78 🗝1333(3)**

78 Civil Rights
    78III Federal Remedies in General
        78k1328 Persons Protected and Entitled to Sue
            78k1333 Injury and Causation
                78k1333(3) k. Property and housing. Most Cited Cases

City had standing to bring action against bank for alleged reverse redlining under Fair Housing Act (FHA); city alleged that bank's predatory residential mortgage loans, targeted at predominantly black neighborhoods, caused city damages stemming from vacancies, including decreased property tax revenues, increased police and fire department costs, and cost of boarding up and managing vacant properties. Fair Housing Act, § 801 et seq.,42 U.S.C.A. § 3601 et seq.

**\*703** John Peter Relman, Bradley H. Blower, Glenn Schlactus, Relman and Dane PLLC, Washington, DC, George A. Nilson, Suzanne Sangree, Baltimore City Law Department City Hall, Baltimore, MD, for Mayor and City Council of Baltimore.

Andrew L. Sandler, Benjamin Barnet Klubes, Jonice Gray Tucker, BuckleySandler LLP, Washington, DC, for Wells Fargo Bank, N.A., et al.

MEMORANDUM TO COUNSEL
BENSON EVERETT LEGG, Chief Judge.

In January 2008, the City of Baltimore sued Wells Fargo under the Fair Housing Act for reverse redlining. The City alleges that Wells Fargo targeted black neighborhoods in Baltimore for predatory residential mortgage loans. Because the City did not take out a mortgage loan with Wells Fargo, it has no direct FHA claim against the Bank. Nevertheless, the City contends that it was harmed indirectly because many of the alleged predatory loans were foreclosed, resulting in vacant properties. The City claims damages stemming from the vacancies, including decreased property tax revenues, increased police and fire department costs, and the cost of boarding up and managing the vacant properties.

There are two times during a case when the legal sufficiency of a complaint is tested. Under Fed.R.Civ.P. 12 (Motion to Dismiss), the Court ex-

631 F.Supp.2d 702
**(Cite as: 631 F.Supp.2d 702)**

amines the complaint to see whether it states a cause of action on its face. Under Fed.R.Civ.P. 56 (Motion for Summary Judgment), which is filed after the completion of discovery, the Court examines the evidence to determine whether a material dispute of fact exists that requires a trial to resolve.

[1] Wells Fargo filed a Motion to Dismiss (Docket No. 10) the City's complaint. The motion (i) challenged the City's standing, and (ii) contended that the complaint failed to state a cognizable Fair Housing Act violation under either a disparate treatment or disparate impact theory. Ordinarily, when deciding the adequacy of a complaint under Fed.R.Civ.P. 12, the Court must accept as true the complaint's factual allegations. When the factual basis for a plaintiff's standing is challenged, however, it is appropriate for the Court to "go beyond the allegations of the complaint and in an evidentiary hearing determine if there are facts to support [standing]." See Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir.1982).

[2] To have standing to sue, a plaintiff must have (i) suffered an actual injury, (ii) that has been caused by the defendant's challenged acts, and (iii) the injury must be subject to redress by a favorable outcome in the case. Wells Fargo challenged all three aspects of the City's standing, arguing that the City's claimed damages are so speculative that the case should be dismissed at the outset without merits discovery.

Recognizing that merits discovery in this case would be time consuming and expensive, the Court considered it appropriate to hold a hearing testing the threshold sufficiency of the City's standing claim. The hearing was set for June 29, 2009. In advance of the hearing, the Court allowed limited discovery focused on the City's alleged damages. The announced purpose **\*704** of the hearing was not to decide the standing issue definitively. Instead, the hearing would determine whether the City's damage allegations in support of its standing are sufficiently plausible and grounded in fact to permit the case to proceed to full-fledged merits discovery and a second testing at the summary judgment stage.

On June 1, 2009, the City filed an amended complaint and exhibits. Simultaneously, the City also requested the Court to reconsider whether, in light of new evidence filed as part of the exhibits, the hearing was still warranted. The Court denied the City's motion to reconsider but stated that it would receive the City's new evidence in connection with the hearing, which took place on June 29, 2009.

[3] Based on the record presented, the Court hereby DENIES Wells Fargo's Motion to Dismiss the Complaint (Docket No. 10). Based on the new affidavits submitted by former Wells Fargo employees Elizabeth Jacobson and Tony Paschal, the City has proffered sufficient proof to proceed with its claim for disparate treatment discrimination under the Fair Housing Act. See Fed.R.Civ.P. 12(b)(6). The City's alternative theory of liability, disparate impact, has not yet been tested factually. Nevertheless, because the case will proceed on liability in general, the City is entitled to discovery on both of its theories of liability, including disparate impact. Matthews v. New Century Mortg. Corp., 185 F.Supp.2d 874, 886–87 (S.D.Ohio 2002).

[4] With respect to standing, the Court has determined that the facts in support of the City's claim of standing are sufficiently plausible and grounded in fact to permit the case to proceed to merits discovery. Moreover, the hearing demonstrated that the standing questions are inextricably intertwined with the facts central to the merits of the dispute. In such a case, it is appropriate to permit discovery and to revisit the standing questions later at the summary judgment stage. See Adams, 697 F.2d at 1219.

The case will now proceed to discovery and the filing of summary judgment motions.[FN1] Counsel shall confer and submit a proposed discovery plan and

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

631 F.Supp.2d 702
**(Cite as: 631 F.Supp.2d 702)**

schedule by July 13, 2009.[FN2] On July 20, 2009 at 11:00 a.m. in Courtroom 7A, the Court will hold a conference to discuss discovery scheduling and ways to manage the case to minimize the litigation burden on the parties. As plead, the City's complaint calls into question all mortgage loans made by Wells Fargo in Baltimore City from 2000 to the present. This is quite a number. So, for example, the case might be sequenced to consider, as a first batch, loans extended during a lesser period. Also, the loans and the related properties might be analyzed according to a common set of criteria (e.g., interest rate, race of borrower, investor versus homeowner, number of vacant buildings on the block) agreed to in advance by the parties to allow for comparable analyses. The parties are encouraged to propose alternative methods to lessen the litigation burden in their July 13th submission.

> [FN1.] The City was within its right under the federal rules to file its amended complaint. Accordingly, the Court GRANTS the City's Motion to Amend its Complaint (Docket No. 74).

> [FN2.] As part of the discovery plan, Wells Fargo shall now state when, and in what manner, it plans to respond to the City's amended complaint.

Despite the informal nature of this Memorandum, it is an Order of this Court, and the Clerk is directed to docket it accordingly.

D.Md.,2009.
Mayor and City Council of Baltimore v. Wells Fargo Bank, N.A.
631 F.Supp.2d 702

END OF DOCUMENT

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.