**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| COUNTY OF COOK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BANK OF AMERICA CORPORATION, | ) |
| BANK OF AMERCIA, N.A., COUNTRYWIDE | ) |
| FINANCIAL CORPORATION, | ) |
| COUNTRYWIDE HOME LOANS, INC., | ) CIVIL ACTION NO.: 1:14-cv-2280 |
| COUNTRYWIDE BANK, FSB, | ) |
| COUNTRYWIDE WAREHOUSE LENDING, | ) |
| LLC, BAC HOME LOANS SERVICING, LP, | ) |
| MERRILL LYNCH & CO., INC., MERRILL | ) |
| LYNCH MORTGAGE CAPITAL INC., AND | ) |
| MERRILL LYNCH MORTGAGE LENDING, | ) |
| INC.,) | ) |
| | ) |
| Defendants. | ) |

**REPORT OF PARTIES' PLANNING MEETING**

Plaintiff County of Cook ("Plaintiff" or "the County") and Defendants Bank of America

Corporation, Bank of America, N.A., Countrywide Financial Corporation, Countrywide Home

Loans, Inc., Countrywide Bank, FSB, Countrywide Warehouse Lending, LLC, BAC Home

Loans Servicing, LP, Merrill Lynch & Co., Inc. Merrill Lynch Mortgage Capital Inc., and

Merrill Lynch Mortgage Lending, Inc. (collectively the "Defendants") jointly submit this Report

of Parties' Planning Meeting ("Report").

**I.      MEETING**

Pursuant to Fed. R. Civ. P. 26(f), a meeting was held via teleconference **April 7, 2015**

and was attended by:

Ryan M Dunigan, Sabrina Rose-Smith and Catalina Azuero for Defendants

Jim Evangelista and Daniel A. Dailey for Plaintiff

ACTIVE/81857011.6

## II. PRE-TRIAL SCHEDULE.

The parties jointly propose to the court the following pretrial schedule:

- Plaintiff to add any additional parties and amend pleadings by **December 31, 2015**.
- Defendants to add any additional parties and amend pleadings by **January 31, 2016**.

## III. DISCOVERY

A. **Initial Disclosures and Fact Discovery:** The parties jointly propose that disclosures pursuant to Pursuant to FED. R. CIV. 26(a)(1) to be made by **May 8, 2015**. Fact discovery to be commenced in time to be completed by **April 11, 2016**.

**Merits Discovery Topics:** One or both parties have indicated it believes that discovery will be needed, inter alia, on the following subjects:

(1) The mortgage loan terms, borrower characteristics, and all other information recorded, maintained and/or stored in Defendants' Loan Application Registry and mortgage loan servicing platforms regarding all 1-4 family residential mortgage loans originated, purchased, funded, serviced and/or foreclosed upon by Defendants in Cook County, Illinois, since January 1, 2000.

(2) Defendants' corporate, organizational and information technology (IT) structures as is relevant to identification of proper party defendants and liability issues.

(3) Defendants' corporate policies, practices, procedures and communications regarding Defendants' residential mortgage lending, pricing, marketing, origination, underwriting, purchasing, funding, wholesale lending, securitization, sales, servicing and foreclosure activities – since January 1, 2000, including regarding the compensation of employees and third parties involved in such matters and the revenues, profits and asset generation Defendants generated through such activities.

(4) Defendants' compliance, control and/or risk assessment reporting and communications regarding Defendants' residential mortgage lending, pricing, marketing, origination, underwriting, purchasing, funding, wholesale lending, securitization, sales, servicing and foreclosure activities– since January 1, 2000, including regarding the compensation of employees and third parties involved in such matters.

2

(5)      Documents Defendants have produced in connection with state and federal investigations regarding mortgage lending, pricing, marketing, origination, underwriting, purchasing, funding, wholesale lending, securitization, sales, servicing and foreclosure activities.

(6)      The County's documents regarding loans on the properties the County believes has done it harm.

(7)      The County's financial records from 2004-present and any discussions regarding County revenue after 2004.

(8)      The County's meeting records, reports or analysis relating to property tax revenues, provision of services, and any budget discussions from 2004-present.

(9)      Any studies undertaken by the County or received by the County relating to foreclosures or housing after 2004.

(10)      All documents concerning the confidential witnesses.

(11)      The County's decision to file the lawsuit, and the filing of the lawsuit.

(11)      The County's records related to foreclosure, vacancies, services, assessments, tax collections, liens, on the relevant properties.

(12)      Any material possessed or created by the County regarding lending in minority communities.

(13)      Any Promotional/marketing materials and analysis concerning any programs promoted or sponsored by the County or local government relating to lending or home purchases.

Each of the parties reserves their respective rights to object, on appropriate grounds, to discovery sought by other party.

**Discovery Phasing:** Defendants also propose that discovery in this action be conducted in phases in order to reduce the time, cost, and burden of discovery if the statute of limitations ("SOL") defense that Defendants raised in their motion to dismiss is dispositive here. Plaintiff disagrees that phasing of discovery is appropriate and believes that it is particularly inappropriate to limit any initial phase of discovery solely to address Defendants' statute of limitations defense because the nature of the defense is inextricably intertwined with the merits of the continuing discriminatory housing practice of equity stripping that Plaintiff has alleged in the Complaint. The Parties set forth their arguments on this issue below.

***Defendants Propose Discovery Phasing To Address The Statute of Limitations Defense***

Defendants propose that the Court order an initial four month phase of discovery ("Phase I") focused solely on the Defendants' SOL defense. Courts considering similar claims have allowed phased discovery, including in LA (by consent of parties) and DeKalb county (by order of the court). *See Dekalb County et al v. HSBC North America Holdings, Inc. et al, 1:12-CV-03540-SCJ*, docket no. 38.

In Phase I, the parties would limit discovery to the issue of whether the statute of limitations bars the County's claims. After the four month discovery period for Phase I, Defendants would file summary judgment motions as to the statute of limitations issue. If the case proceeds, then Phase II will allow the parties to conduct full merits discovery. The remaining merits discovery would then be completed in the balance of the time left for fact discovery as set forth in this Report. Below are the interim dates Defendants propose for phasing:

| EVENT | DATE |
|---|---|
| Close of Phase 1 Discovery (SOL Only) | August 3, 2015 |
| Defendants' Summary Judgment Motion Due | August 19, 2015 |
| Plaintiffs' Opposition Due | September 16, 2015 |
| Defendants' Reply Due | September 30, 2015 |

The Court should adopt Defendants' phasing proposal because it will be more efficient for the Court and the parties. In its motion to dismiss order ("the Order), this Court considered the Defendants' SOL arguments, but ultimately concluded that the SOL question should be decided on summary judgment with evidentiary submissions. *See* Order, docket No. 52, at 15. This is a narrow, specific issue that Defendants believe can be decided without sweeping discovery. If the Court determines that Plaintiff's claims are time-barred, the entire case will be resolved without the need for additional proceedings. Addressing this dispositive defense first, while staying all other discovery, would allow the case to proceed in a logical, streamlined, efficient and expedited manner, consistent with the goals of the Seventh Circuit. *See* Principles Relating to the Discovery of Electronically Stored Information, *7th CIRCUIT ELECTRONIC DISCOVERY COMMITTEE,* available at http://www.discoverypilot.com.

Under Defendants' proposal, Phase I discovery will be limited to SOL issues. Based on the position the parties took in the motion to dismiss briefing, it appears this would entail discovery in two general areas. First, discovery would be obtained from Defendants to identify whether they made allegedly discriminatory loans during the statute of limitations period and how they were discriminatory, or, to the extent that the County claims only that discriminatory loan servicing occurred during the limitations period, discovery to identify whether any loans allegedly were serviced in a discriminatory manner during the limitations period and how the servicing was discriminatory. Second, discovery would be obtained from the County regarding when it knew or should have known of the facts or circumstances underlying its claims and its subsequent diligence in bringing this lawsuit (as this Court indicated was relevant in its Order at 15). If the County changes its theory regarding limitations, there could be a need for additional discovery on such a new theory.

ACTIVE/81857011.6

Defendants believe this limited Phase I discovery will be dispositive of this case and, even if that is not the case, it will at the very least provide the parties with a practical road map as to how to efficiently extend discovery further back in time outside of the limitations period. Defendants' tailored plan is in stark contrast to the County's proposal for immediate unlimited discovery spanning over a decade, covering at least three different companies' practices as to a host of distinct issues, including lending, securitization, servicing, foreclosure and even title recordation.

Finally, the Defendants' phasing proposal is supported by the Rule 26 proportionality test. Rule 26 gives the district court the discretion to direct or limit discovery to ensure discovery is proportionate to the needs of the case and the parties' resources. *Tamburo v. Dworkin*, 2010WL4867346, *3 (N.D.Ill. 2010). In a similar case where the Defendants had a potentially viable statute of limitations defense that was not appropriately decided on a motion to dismiss, the court ordered that the parties consider a phased discovery schedule with an initial period focused on the statute of limitations issue, as proposed by defendants here. *In re Evanston Northwestern Healthcare*, 2008 WL 2229488, *7 (N.D.Ill. 2008); s*ee also Tamburo,* 2010WL4867346 at *3 (noting that parties "should identify which claims are most likely to go forward and concentrate their discovery efforts in that direction before moving on to other claims."). Moreover, the Seventh Circuit in its Electronic Discovery Pilot Program has shown its commitment to finding ways to make discovery inexpensive and efficient. The phased proposal fits well within the purpose of the Program, "to secure the just, speedy, and inexpensive determination of every civil case."

In short, Defendants' phased discovery proposal has a good probability of resulting in a quick determination (and termination) of this matter at an early stage, as a successful limitation defense would result in judgment for Defendants. If the defense succeeds, that would eliminate the need for months, if not years, of unnecessary discovery, motions, and costs that otherwise face both the parties and the Court.

### *Plaintiff Opposes Any Discovery "Phasing"*

Dividing discovery into multiple "phases" is unjustified, inefficient, and impractical. Now that motion practice on the pleadings has been completed, discovery should be allowed on all claims and defenses advanced in the litigation. The parties may then file dispositive motions to narrow the issues for trial, or to obtain judgment if the evidence adduced warrants that relief. Conducting discovery on a piecemeal basis as proposed by Defendants would unnecessarily multiply and delay the proceedings, and would frustrate resolution through settlement or litigation to judgment.

Indeed, conducting discovery on a one-defense-at-a-time basis is not even practical. In particular, the facts relating to the merits of Plaintiff's substantive allegations are inextricably intertwined with whether and when Defendants' equity stripping scheme has terminated or continues, and thus the running of the limitations period. If merits discovery relating to Defendants' mortgage lending, securitization, servicing and foreclosure practices reveals that Defendants' equity stripping activities did not terminate more than two years prior to the Complaint being filed, Defendants have no statute of limitations defense. Based on Defendants' proposal, it could simply present yet another defense and propose another limited discovery on

5

the new defense, which is simply impracticable and inefficient. In short, discovery should simply proceed in the normal manner with a deadline for dispositive motions.

      B.      **Depositions:**  Each party expects it will need more depositions than allowed by the Federal Rules.

      C.      **Expert Discovery:**  Reports from retained experts under Fed. R. Civ. P. 26(a)(2), if any, will be due:

- From Plaintiff by **May 13, 2016**;

- From Defendants by **June 13, 2016**; and

- All expert discovery must be completed by **July 22, 2016**.

      D.      **Dispositive Motions:**  All potentially dispositive motions should be filed by **August 31, 2016**.

      E.      **Final Pretrial Order:  December 16, 2016**.  Plaintiff's proposed draft pretrial order will be due  **November 1, 2016**; parties to file joint final pretrial order by **November 17, 2016**.

      F.      **Trial:** The case should be ready for trial by **February 1, 2017** (unless a timely dispositive motion is pending, and then the parties request Paragraph E be amended to allow the Court to rule on such motion(s) before submission of the draft and final pretrial orders. At this time, the trial is expected to take approximately six (6) weeks.

## IV.    CONSENT

The parties do not consent to proceed before the Magistrate Judge.

Dated April 14, 2015


Respectfully submitted,


| By: | By: |
|---|---|
| /s/ Daniel A. Dailey | /s/ Thomas M. Hefferon |
| | |
| ANITA ALVAREZ, | Thomas M. Hefferon |
| STATE'S ATTORNEY FOR COOK COUNTY | *THefferon@goodwinprocter.com* |
| James D. Montgomery, Sr. | James W. McGarry (*notice of appearance* to |
| James D. Montgomery, Jr. | be filed upon admission) |
| John K. Kennedy | *JMcGarry@goodwinprocter.com* |
| Daniel A. Dailey | Matthew S. Sheldon (*notice of appearance* |

6

Michelle M. Montgomery
JAMES D. MONTGOMERY and ASSOCIATES
LTD.
One North LaSalle Street, Suite 2450
Chicago, Illinois, 60602
Phone: (312) 977-0200
Fax: (312) 977-0209
jmontgomery@jdmlaw.com
jamesjr@jdmlaw.com
jkennedy@jdmlaw.com
ddailey@jdmlaw.com
mmm@jdmlaw.com

James M. Evangelista (admitted *pro hac vice*)
Jeffrey R. Harris (admitted *pro hac vice*)
Darren W. Penn (admitted *pro hac vice*)
David J. Worley (admitted *pro hac vice*)
Leslie G. Toran (admitted *pro hac vice)*
HARRIS PENN LOWRY LLP
400 Colony Square, Suite 900
1201 Peachtree Street, NE
Atlanta, GA 30361
Phone: (404)961-7650
Fax: (404)961-7651
jim@hpllegal.com
jeff@hpllegal.com
darren@hpllegal.com
david@hpllegal.com
leslie@hpllegal.com

**Special Assistant State's Attorneys**

to be filed upon admission)
*MSheldon@goodwinprocter.com*
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, D.C. 20001
Tel.: (202) 346-4000
Fax: (202) 346-4444

Attorneys for Defendants Bank of America
Corporation, Bank of America, N.A.,
Countrywide Financial Corporation,
Countrywide Home Loans, Inc.,
Countrywide Bank, FSB, Countrywide
Warehouse Lending, LLC, BAC Home
Loans Servicing, LP, Merrill Lynch & Co.,
Inc., Merrill Lynch Mortgage Capital Inc.,
and Merrill Lynch Mortgage Lending, Inc.

7

ACTIVE/81857011.6

8

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 14, 2015, I caused a true and correct copy of the foregoing
to be served upon counsel of record as of this date by electronic filing.


<u>/s/ Thomas M. Hefferon</u>
Thomas M. Hefferon

8

ACTIVE/81857011.6