## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| COUNTY OF COOK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | CIVIL ACTION NO.: 1:14-cv-2280 |
| BANK OF AMERICA CORPORATION, | ) | |
| BANK OF AMERCIA, N.A., COUNTRYWIDE | ) | **AGREED CONFIDENTIALITY** |
| FINANCIAL CORPORATION, | ) | **ORDER** |
| COUNTRYWIDE HOME LOANS, INC., | ) | |
| COUNTRYWIDE BANK, FSB, | ) | |
| COUNTRYWIDE WAREHOUSE LENDING, | ) | |
| LLC, BAC HOME LOANS SERVICING, LP, | ) | |
| MERRILL LYNCH & CO., INC., MERRILL | ) | |
| LYNCH MORTGAGE CAPITAL INC., AND | ) | |
| MERRILL LYNCH MORTGAGE LENDING, | ) | |
| INC., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

### AGREED CONFIDENTIALITY ORDER

Plaintiff County of Cook ("Plaintiff") and Defendants Bank of America Corporation

("BAC"); Bank of America, N.A. ("BANA") for itself and as successor by merger to

Countrywide Bank, FSB ("CWB") and BAC Home Loans Servicing, LP ("BACHLS") (BAC

and BANA are collectively "the Bank of America Defendants"); Countrywide Financial

Corporation ("CFC"); Countrywide Home Loans, Inc. ("CHL"); Countrywide Warehouse

Lending, LLC ("CWL") (CFC, CHL and CWL are collectively the "Countrywide Defendants");

Merrill Lynch & Co., Inc. ("Merrill"); Merrill Lynch Mortgage Capital Inc. ("MLMCI"); and

Merrill Lynch Mortgage Lending, Inc. ("MLML") ("Merrill, MLMCI and MLML are

collectively the "Merrill Defendants") (collectively, "Defendants"), have agreed to the terms of this Order; accordingly, it is ORDERED:

1.      **Scope**.  All materials produced or adduced in the course of discovery, including, but not limited to, initial disclosures, responses to discovery requests such as documents, interrogatory responses, and responses to requests for admission, deposition testimony and exhibits, and information derived directly therefrom or produced in response to any discovery request in this litigation to any party or non-party subpoena, all information contained in those materials, and all copies, excerpts, or summaries of those materials (hereinafter collectively "documents" or "Discovery Material"), shall be subject to the provisions of this Order concerning Confidential Information as defined below.  This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2.      **Confidential Information**.  As used in this Order, "Confidential Information" means Discovery Materials, documents, or information designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER 14-CV-2280 (N.D. ILL.)" by the producing party or non-party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records of a person who is not a party to the case.  Information or documents that are available to the public may not be designated as Confidential Information.

3.     **Designation**.

(a)     Any party or non-party may designate Discovery Material containing Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER 14-CV-2280 (N.D. ILL.)" on any document and on all copies which the Designating Party considers in good faith constitute Confidential Information under the provisions of this agreement and does so in a manner that will not interfere with the legibility of the document.  Where a document or response consists of more than one page, the first page and each page on which Confidential Information appears shall be so designated.  As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information.  The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER 14-CV-2280 (N.D. ILL.)" shall be applied prior to or at the time of the documents are produced or disclosed.  Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER 14-CV-2280 (N.D. ILL.)" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.  Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER 14-CV-2280 (N.D. ILL.)" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.  To the extent that information stored or recorded in the form of electronic or magnetic media (including information, files, databases, or programs stored on any digital or analog machine-readable device, computers, discs, networks or tapes) ("**computerized material**") is produced in a native or other form such that it cannot be stamped as described in

the preceding paragraphs, the Designating Party may designate such material as Confidential Information by cover letter referring generally to, but adequately describing, such matter and by labeling such media accordingly. The designation of Discovery Material as Confidential Information is a certification by an attorney or a party appearing *pro se* that the document contains Confidential Information as defined in this order.

(b)     In the event that a party believes that any Discovery Materials produced by another party (the "Producing Party") contain its own Confidential Information, such party (the "Designating Party") may request, by notice in writing to the other parties, that such documents be considered Confidential under the terms of this Order.  Absent any challenges to said request, such documents shall be considered so designated.  Any challenges to such designation shall follow the procedure outlined below and shall in all respects be considered as if the Designating Party produced the material in the first instance with the designation.

(c)     If it comes to a Designating Party's attention that information or items that are designated for protection do not qualify for protection at all, the Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

4.     **Depositions.**

(a)     The Designating Party may designate Confidential Information disclosed by it during a deposition. All deposition testimony taken in this case shall be treated as Confidential Information for thirty days after the reporter delivers a final copy of the deposition (the "Designation Period").  A party may designate such portion of a deposition as confidential on the record, at the deposition or, within the Designation Period, a party may serve a Notice of Designation to all parties of record as to whether the testimony, whether in whole or in part, should be treated as confidential.  The failure to serve a timely Notice of Designation shall waive

any designation of testimony taken in that deposition as Confidential Information, unless otherwise ordered by the Court. Any challenges to such designation shall follow the procedure outlined below and shall in all respects be considered as if the Designating Party produced the material in the first instance with the designation.

5.     **Protection of Confidential Information**

(a)     **General Protections**.   Except with the prior written consent of the Designating Party, or as otherwise permitted pursuant to this Order, Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation and any matter that this Court deems reasonably related to this action, including any appeals thereof.

(b)     **Limited Third-Party Disclosures**.   The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(9), and only to the extent necessary in connection with the litigation and any related matters.   Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

(1)     **Counsel**.  Counsel for the parties, including in-house counsel, co-counsel and their associated attorneys, and employees of counsel who have responsibility for the action and any related matters;

(2)     **Parties**.  Individual parties and employees of a party for this action and any related matters but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(3)     **The Court and its personnel**;

(4)     **Court Reporters and Recorders**.  Court reporters and recorders engaged for depositions, including stenographic reports and any necessary secretarial, clerical or other personnel of such officer, provided that such persons shall execute a copy of the certification contained in Attachment A, Acknowledgment of Understanding

5

and Agreement to Be Bound, before being shown or given any Confidential Information;

(5) **Contractors**.  Those persons specifically engaged for the limited purpose of litigation and trial support services for this action and any related matters, including creation of trial exhibits and making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents and their employees and subcontractors, provided they are assisting with the litigation;

(6) **Consultants and Experts**.  Consultants, investigators, or experts employed by the parties or counsel for the parties for this action and any related matters to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(7) **Witnesses at depositions**.  During their depositions, witnesses in this action to whom disclosure is reasonably necessary, provided that such witnesses shall execute a copy of the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound, before being shown or given any Confidential Information.  However, the parties agree that this provision cannot be used to make a witness unavailable for deposition or preclude any deposition testimony based on personal knowledge.  Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts.  Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(8) **Author or recipient**.  The author or recipient of the document (not including a person who received the document in the course of litigation); and

(9) **Others by Consent**.  Other persons only by written consent of the producing party and that such person(s) shall execute a copy of the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound, before being shown or given any Confidential Information, or upon order of the Court and on such conditions as may be agreed or ordered.

(c)      **Notice of Public Records Request.**  In the event Plaintiff receives a Public Records Request for any information produced through the course of this litigation by Defendants or any Third-Party in connection with this litigation to Plaintiff, the Plaintiff shall notify the producing party in the litigation, in writing within 5 business days, and in any event, at least 48 hours before any disclosure to a third party.  The Plaintiff shall cooperate with Defendants and with the Producing Third Party in the litigation, to take the reasonable steps necessary to comply with the provisions of this agreement and to reasonably maintain the confidentiality of Defendants' or the Producing Third Party's documents, in accordance with this Agreed Confidentiality Order.

6.      **Control of Documents**.  Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information and to control duplication of, access to and distribution of copies of Confidential Information.  Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

7.      **Inadvertent Disclosure of Confidential Information.**  If a party or its counsel inadvertently discloses Confidential Information to persons who are not authorized, pursuant to this Order, to use or possess the Confidential Information, the party who inadvertently disclosed the Confidential Information shall (i) provide prompt written notice of the disclosure to the Designating Party upon learning of its inadvertent disclosure; and (ii) seek the immediate return of the Confidential Information from the unauthorized party in possession of the Confidential Information.

8.      **Inadvertent Failure to Designate**.  An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate

the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony.   At any time during the Discovery Period set forth in the operative scheduling order, the Designating Party may designate Discovery Materials as Confidential Information, but only if the Designating Party's initial failure to designate such Discovery Materials as Confidential Information was inadvertent, by providing written notice to the receiving party of the designation for the particular item and reproducing that item, and all similar versions of that item, with the proper designation as provided herein.   If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order.   No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

9.      **Filing of Confidential Information**.  This Order does not, by itself, authorize the filing of any document under seal.   Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with LR 26.2.

10.     **Filing Documents Under Seal.**   No documents properly designated as Confidential Information shall be filed in the public record without the written permission of the Designating Party, or a court's order.   The parties shall comply with Local Rules 5.8 and 26.2 for Filing Materials Under Seal.   Copies of any pleading, brief, or other Discovery Materials

containing Confidential Information which is served on opposing counsel by email or secure file transfer shall be delivered in a sealed envelope stamped: CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER 14-CV-2280 (N.D. ILL.), and shall be treated in accordance with the provisions of this Order.

11.     **No Greater Protection of Specific Documents**.  Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

12.     **Challenges by a Party to Designation as Confidential Information**.  The designation of any material or document as Confidential Information is subject to challenge by any party.  The following procedure shall apply to any such challenge.

(a)     **Notice in Writing.**  Should a party wish to object to a confidential designation of any Discovery Materials (the "**Objecting Party**"), the Objecting Party shall notify the Designating Party in writing of the basis for the dispute ("**Designation Objection**").  In its Designation Objection, the Objecting Party shall identify the specific Discovery Materials as to which the designation is disputed (*i.e.*, by document bates numbers, deposition transcript page and line reference, description of category of documents, or other means sufficient to locate such materials).

(b)     **Meet and Confer**.  An Objecting Party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party, within 15 days of receiving the Designation Objection.  In conferring, the Objecting Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to

9

review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The Designating Party must respond to the challenge within five (5) business days.

13. **Judicial Intervention**. If no resolution is reached, the Objecting Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order. Nothing in this Order shall be deemed to prevent the Designating Party from arguing for limits on the use or manner of dissemination of Discovery Materials that is found to no longer constitute Confidential Information.

14. **Action by the Court**. Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

15. **Use of Confidential Documents or Information at Trial**. Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

16.     **Confidential Information Subpoenaed or Ordered Produced in Other Litigation**.

(a)     If a receiving party is served with a subpoena or an order issued in other litigation by a court, administrative or legislative body, or by any other person or entity purporting to have authority to require the production of such information, that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the Designating Party, in writing, immediately and in no event more than five (5) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b)     The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c)     The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The Designating Party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

(d)     After receipt of the notice specified under this paragraph, the person seeking to maintain confidentiality shall have the sole responsibility for obtaining any order it believes necessary to prevent disclosure of the Confidential Information that has been

subpoenaed. If the person seeking to maintain confidentiality does not move for a protective order or other legal intervention within the time allowed for production by the subpoena and as may be extended by the subpoenaing party (or within such time as a court may direct or as may be agreed upon between the Designating Party and the subpoenaing party) and give written notice of such action to the subpoenaing party and the person to whom the subpoena is directed, the person to whom the subpoena or other request is directed may commence production in response thereto. The person to whom the subpoena is directed shall not produce any Confidential Information while a motion for a protective order or other legal intervention brought pursuant to this paragraph is pending, or while any appeal from or request for appellate review of such motion is pending, unless ordered by a court to do so. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential Information by the other party to this case.

17. **Challenges by Members of the Public to Sealing Orders**. A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

18. **Actions to Protect Personally Identifiable Information.** In the event that the Court determines that there is an actual or threatened breach of this Order by the party who received Confidential Information that contains personally identifiable information, the parties agree that the Designating Party would not have an adequate remedy at law and would be entitled to specific performance, and/or injunctive relief, to prevent further disclosure of such personally identifiable information, in addition to any other remedy the party may be entitled at law or in equity.

19. **Obligations on Conclusion of Litigation**.

(a) **Order Continues in Force**. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) **Obligations at Conclusion of Litigation**. Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER 14-CV-2280 (N.D. ILL.)," under this Order, including copies as defined in ¶ 3(a), other than that which is contained in pleadings, correspondence, work product, and deposition transcripts, shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return, and certify in writing to the Designating Party that the documents have been destroyed; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. If any Confidential Information has been furnished under this Order to any expert or other third-party, counsel for the party furnishing the Confidential Information shall request in writing that all such Confidential Information, other than that which is contained in pleadings, correspondence, work product, and deposition transcripts, be returned to counsel or destroyed.

(c) **Retention of Work Product and One Set of Filed Documents**. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of

13

Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

(d) **Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System**. Filings under seal shall be deleted from the ECF system only upon order of the Court.

20. **Order Subject to Modification**. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

21. **No Waiver of Objections.** Nothing in this Order shall constitute a waiver of a party's right to object to any Discovery Materials on any grounds or to object to the admission in evidence of Discovery Materials at any motion hearing or trial. Nothing in this Order shall be deemed to expand or limit the permissible scope of discovery in this litigation. Nothing contained in this Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility or discoverability of Discovery Materials, whether designated Confidential Information or not.

22. **No Waiver.** A Producing Party's inadvertent disclosure of information or documents that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege, immunity, or doctrine protecting such information or documents from disclosure, including 31 U.S.C. § 5318 and enabling regulations including 31 C.F.R. § 1020.320, 12 C.F.R. § 21.11, and 12 CFR § 563.180, ("Privileged Documents"), shall not constitute a waiver with respect to such Privileged Documents or generally of such privilege,

immunity or protection. If a Receiving Party discovers receipt of Discovery Materials that it has reason to believe are Privileged Documents, and does not know to have been intentionally produced or made available, the receiving party must refrain from examining the materials any more than is essential to ascertain if the materials are privileged. The receiving party shall immediately notify the Producing Party in writing that the receiving party possesses material that appears to be privileged or otherwise protected from disclosure. In the event alleged Privileged Documents are inadvertently disclosed, the Producing Party may provide notice to the other parties advising of the disclosure and requesting return or destruction of the Privileged Documents. Upon such notice, the receiving party shall make no further use of the alleged Privileged Documents and shall immediately segregate the alleged Privileged Documents in a manner that will prevent further disclosure or dissemination of their contents. Within five (5) days of receiving such notice of inadvertent production of Privileged Documents, the receiving party shall (i) return or destroy all Privileged Documents identified by the Producing Party in such notice and shall not use such information for any purpose, and (ii) expunge from any other document information or material derived from the inadvertently produced Privileged Documents. If there is a dispute over whether the inadvertently produced Privileged Documents are protected from disclosure, the Privileged Documents shall be immediately returned to the Producing Party. All counsel shall confer in good faith to resolve the dispute without the Court's intervention. If the parties are unable to resolve this dispute, the receiving party may bring a motion to compel production of the alleged Privileged Documents. The receiving party may not assert as a ground for compelling production the fact or circumstance that the Privileged Documents were produced. The Privileged Documents shall continue to be treated as privileged and protected against further disclosure unless the Court orders otherwise.

23. **No Prior Judicial Determination**. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

24. **Persons Bound**. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

*So Ordered.*

Dated:  September 11, 2015

_____
U.S. District Judge
U.S. Magistrate Judge


**WE SO MOVE**
**and agree to abide by the terms of this Order**

**Signed** _____

Sabrina M. Rose-Smith
*srosesmith@goodwinprocter.com*
Thomas M. Hefferon
*thefferon@goodwinprocter.com*
James W. McGarry
*jmcgarry@goodwinprocter.com*
Matthew S. Sheldon
*msheldon@goodwinprocter.com*
GOODWIN PROCTER LLP
901 New York, Avenue, N. W.
Washington, DC 20001

**WE SO MOVE**
**and agree to abide by the terms of this Order**

**Signed:** _____

Daniel A. Dailey
*ddailey@jdmlaw.com*
John K. Kennedy
*jkennedy@jdmlaw.com*
James D. Montgomery, Sr.
*james@jdmlaw.com*
James Douglas Montgomery, Jr.
*james2@jdmlaw.com*
Michelle M. Montgomery
*mmm@jdmlaw.com*
James D. Montgomery and Associates, Ltd.

(212) 346-4000

Joel Erik Connolly
*econnolly@winston.com*
Ryan Marc Dunigan
*rdunigan@winston.com*
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601-9703
Tel.: (312) 558-5600
Fax: (312) 558-5700

*Attorneys for Defendants Bank of America Corporation, Bank of America, N.A., Countrywide Financial Corporation, Countrywide Home Loans, Inc., Countrywide Bank, FSB, Countrywide Warehouse Lending, LLC, BAC Home Loans Servicing, LP, Merrill Lynch & Co., Inc., Merrill Lynch Mortgage Capital Inc., and Merrill Lynch Mortgage Lending, Inc.*

Dated: September 1, 2015

One North LaSalle Street
Suite 2450
Chicago, IL 60602
(312) 977-0200

James M. Evangelista
*jim@hpllegal.com*
Jeffrey Harris
*jeff@hpllegal.com*
Darren Penn
*darren@hpllegal.com*
David J. Worley
djw@eafirm.com
Harris Penn Lowry LLP
400 Colony Square, Suite 900
1201 Peachtree St., NE
Atlanta, GA 30361
(404) 961-7650

*Attorneys for Plaintiff, County of Cook, Illinois*

Dated: September 1, 2015

**ATTACHMENT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| COUNTY OF COOK,<br><br>        Plaintiff,<br><br>v.<br><br>BANK OF AMERICA CORPORATION, BANK OF AMERCIA, N.A., COUNTRYWIDE FINANCIAL CORPORATION, COUNTRYWIDE HOME LOANS, INC., COUNTRYWIDE BANK, FSB, COUNTRYWIDE WAREHOUSE LENDING, LLC, BAC HOME LOANS SERVICING, LP, MERRILL LYNCH & CO., INC., MERRILL LYNCH MORTGAGE CAPITAL INC., AND MERRILL LYNCH MORTGAGE LENDING, INC.,<br><br>        Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br>CIVIL ACTION NO.:  1:14-cv-2280<br><br>**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY AGREED CONFIDENTIALITY ORDER** |

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated September 1, 2015 in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms.  The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Illinois in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____  _____
                          Signature

## CERTIFICATE OF SERVICE

I hereby certify that on this day I served the foregoing AGREED CONFIDENTIALITY ORDER on all parties by causing a true and correct copy to be delivered by email and deposited in the United States Mail, with adequate postage affixed and addressed to:

United States Mail Service:   Daniel A. Dailey
            *ddailey@jdmlaw.com*
            JAMES D. MONTGOMERY AND
            ASSOCIATES, LTD.
            One North LaSalle Street
            Suite 2450
            Chicago, Illinois 60602
            Phone: (312)977-0200
            Fax: (312)977-0209

            James M. Evangelista (admitted *pro hac vice*)
            *jim@hpllegal.com*
            HARRIS PENN LOWRY LLP
            400 Colony Square, Suite 900
            1201 Peachtree Street, NE
            Atlanta, GA 30361
            Phone:  (404)961-7650
            Fax:  (404)961-7651

Email Service:       James D. Montgomery, Sr.
            *jmontgomery@jdmlaw.com*
            James D. Montgomery, Jr.
            *james2@jdmlaw.com*
            John K. Kennedy
            *jkennedy@jdmlaw.com*
            Daniel A. Dailey
            *ddailey@jdmlaw.com*
            JAMES D. MONTGOMERY AND
            ASSOCIATES, LTD.
            One North LaSalle Street
            Suite 2450
            Chicago, Illinois 60602
            Phone: (312)977-0200
            Fax: (312)977-0209

            James M. Evangelista (admitted *pro hac vice*)
            *jim@hpllegal.com*
            Jeffrey R. Harris (admitted *pro hac vice*)

*jeff@hpllegal.com*
Darren W. Penn (admitted *pro hac vice*)
*darren@hpllegal.com*
David J. Worley (admitted *pro hac vice*)
*david@hpllegal.com*
HARRIS PENN LOWRY LLP
400 Colony Square, Suite 900
1201 Peachtree Street, NE
Atlanta, GA 30361
Phone: (404)961-7650
Fax: (404)961-7651

*Special Assistant State's Attorneys*

Dated: September 1, 2015          /s/ Alicia Rubio