IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


| | | |
|---|---|---|
| COUNTY OF COOK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14 C 2280 |
| | ) | |
| BANK OF AMERICA | ) | |
| CORPORATION, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |


ORDER

Plaintiff's motion to compel is DENIED without prejudice for the reasons stated below.  The case is referred to Judge Rowland for discovery supervision.

STATEMENT

The main point of contention between the parties is the relevant time period for discovery in this Fair Housing Act case alleging a pattern of discrimination against minority borrowers in Cook County, Illinois stretching back to the early 2000s.[1] Embedded in that dispute are Defendants' statute of limitations

---

[1] A similar case is pending before Judge Lee, who denied a motion to dismiss raising the same arguments that I had already rejected in this case. *See County of Cook v. HSBC North America Holdings, Inc.*, No. 14 C 2031, 2015 WL 5768575 (N.D. Ill. Sept. 30, 2015); *see also City of Miami v. Bank of America Corp.*, 800 F.3d 1262 (11th Cir. 2015).  Judge Feinerman has taken a different view. *See County of Cook v. Wells Fargo & Co.*, No. 14 9548, 2015 4397842, at *7 (N.D. Ill. July 17, 2015) (holding that County lacked statutory standing because its asserted injuries fell outside the FHA's zone of interests).

1

defense and Plaintiff's reliance on the FHA's continuing
violation doctrine.  *See* 42 U.S.C. § 3613(a)(1)(a) (two-year
statute of limitations starts to run upon "the occurrence or the
termination of an alleged discriminatory housing practice"); *see
also Havens Realty Corp. v. Coleman*, 455 U.S. 363, 380-81 (1982)
("[W]here a plaintiff, pursuant to the Fair Housing Act,
challenges not just one incident of conduct violative of the
Act, but an unlawful practice that continues into the
limitations period, the complaint is timely when it is filed
within [two years] of the last asserted occurrence of that
practice."); *Wallace v. Chicago Housing Auth.*, 321 F. Supp. 2d
968, 973-74 (N.D. Ill. 2004) (reconciling *Havens* and *Nat'l R.R.
Passenger Corp. v. Morgan*, 536 U.S. 101 (2002)).  As Plaintiff
points out in support of its argument for broad discovery, the
FHA's statute of limitations does not set an outer limit on the
time frame for calculating the County's potential damages in
this case.  *See Tyus v. Urban Search Mgmt.*, 102 F.3d 256, 265
(7th Cir. 1996).

Plaintiff's motion to compel asks me to set the temporal
scope of discovery in a sweeping, across-the-board way for all
sixty-two of its requests for production.  Specifically,
Plaintiff argues that January 1, 2000 to the present should be
the relevant time period for all discovery in this case.
Defendants counter that discovery should be limited to a six

year time period, i.e., January 1, 2009 to the present.[2]

Defendants' position, however, contains several caveats.  For

example, Defendants say they are producing data on all home

loans serviced on or after January 1, 2009 regardless of when

the loan was made.  *See* Dkt. No. 84 ("Defs.' Opp'n Br.") at 5.

Defendants have also agreed to produce policies that were

developed and implemented before 2009, but remained "in effect"

from 2009 to the present.[3]  *Id*. at 7.  In short, Defendants

acknowledge that some flexibility is needed about the

appropriate time frame for discovery depending on the type of

information Plaintiff seeks.  *Id*. at 10.

Defendants' concessions show that the temporal scope of

discovery in this case cannot be set in an across-the-board way.

The parties should focus their attention on the appropriate

temporal scope for each of Plaintiff's discovery requests and

would clearly benefit from Judge Rowland's assistance in

accomplishing that task.  I am referring this case to her for

discovery supervision with authority to reset the current

---

[2] Defendants' proposed temporal limitation on discovery would, by
design, permit them to search for responsive documents in only
Bank of America databases as opposed to "legacy data systems"
for Countrywide and Merrill Lynch.  *See* Dkt. No. 84-2 ("Daniel
Declar.") at ¶¶ 8-9.

[3] It is not clear what the qualifier "in effect" means (e.g.,
whether Defendants are willing to produce underwriting and loan
servicing policies that were formally retired before 2009, but
have lingering effects into the present).

discovery deadlines as needed, keeping in mind that I denied

Defendants' earlier request to phase discovery in a way that

would have given priority to their statute of limitations

defense.  *See* Dkt. No. 64.

Judge Rowland will also assist the parties in resolving the

second issue raised in Plaintiff's motion to compel: whether all

three groups of Defendants--Bank of America, Countrywide, and

Merrill Lynch--are producing responsive information from the

relevant time period for each of Plaintiff's discovery requests.

Plaintiff has withdrawn the other issues raised in its

motion to compel: (1) Defendants' production of documents

relating to the Mortgage Electronic Registration Systems

("MERS") and (2) Defendants' invocation of "self-critical

analysis" privilege.  *See* Dkt. No. 85 at §§ IV and V.

**ENTER ORDER:**

_____
        **Elaine E. Bucklo**
    United States District Judge

Dated: October 22, 2015