UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COUNTY OF COOK, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BANK OF AMERICA CORPORATION, ) <br> BANK OF AMERICA, N.A., ) <br> COUNTRYWIDE FINANCIAL ) <br> CORPORATION, COUNTRYWIDE HOME ) <br> LOANS, INC., COUNTRYWIDE BANK, FSB, ) <br> COUNTRYWIDE WAREHOUSE LENDING, ) <br> LLC, BAC HOME LOANS SERVICING, LP, ) <br> MERRILL LYNCH & CO., INC., MERRILL ) <br> LYNCH MORTGAGE CAPITAL INC., and ) <br> MERRILL LYNCH MORTGAGE LENDING, ) <br> INC., ) <br> ) <br> Defendants. ) <br> ) | Case No. 14-cv-2280 <br><br> Honorable Elaine E. Bucklo <br><br> Magistrate Judge Mary M. Rowland |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION
TO COMPEL RULE 30(b)(6) DEPOSITION OF COOK COUNTY**

Defendants Bank of America Corporation (named here in its own capacity and as successor by October 1, 2013 *de jure* merger with Merrill Lynch & Co., Inc.); Bank of America, N.A. (named here in its own capacity and as successor by *de jure* mergers with Countrywide Bank, FSB and BAC Home Loans Servicing, L.P.); Countrywide Financial Corporation; Countrywide Home Loans, Inc.; Merrill Lynch Mortgage Capital Inc.; and Merrill Lynch Mortgage Lending, Inc. (collectively, "Defendants") respectfully submit this memorandum in support of their Motion to Compel Plaintiff Cook County (the "the County") to provide Rule 30(b)(6) testimony.

This motion seeks to compel the County to provide deposition testimony on Rule 30(b)(6) topics that are plainly within the scope of discovery in this matter. Despite the topics having been served on the County over 50 days ago, the County has not provided proposed dates for the topics that are the subject of this motion or even provided any reasonable estimate of when they will be able to do so. Nor has it sought a protective order from this Court. Accordingly, Defendants are forced to move this Court to order the County to provide testimony on these topics in a timely manner.

I.  BACKGROUND

    A. The Deposition Notice

On February 22, 2016, Defendants served the County with a notice seeking testimony pursuant to Rule 30(b)(6). Ex. 1, Rule 30(b)(6) Notice ("the Notice"). The Notice requested testimony on 36 topics falling under the following categories: (1) the County's prior notice of its suit and its diligence in filing its claims (topics 1-14); (2) the County's damages theories and supporting evidence (topics 15-31); and (3) the County's basis for its allegations of discriminatory conduct (topics 32-36). The deposition was noticed for March 23, 2016. *Id.*

As detailed below, the County initially did not respond to the Notice, or multiple attempts by Defendants' counsel to discuss it, until March 21—two days before the noticed deposition date. The County eventually agreed to meet and confer about the Notice,[1] but the parties remain

---

[1] To date, the parties have agreed to deposition dates for topics 3-10, 12-16, 23-25, and 31. Plaintiff has also offered a deposition date for topic 32, but noted that "this information will be limited to the allegations of the complaint." *See* Ex. 8, Apr. 1, 2016 Email from D. Dailey to S. Rose-Smith, at 5. Though Defendants believe that the County can and should have identified the loans it claims are at issue in this case by now, Defendants agreed to temporarily defer testimony on topics 1-2, 17-22, 27, 30, in part to allow the County a few more weeks to review produced data that the County believes is relevant. The County has refused to provide testimony on Topic 11, claiming the "substance of such discussion is privileged." *See* Ex. 8, Apr. 1, 2016 Email from D. Dailey to S. Rose-Smith, at 4. Defendants are still considering the County's stated basis for this refusal, as well as whether topic 36 is still necessary, and so those two topics are not part of this motion. This motion concerns the remaining seven topics: 26, 28-29, 32-35.

2

at an impasse as to two groups of topics for which the County still refuses to provide dates (or valid objections):

- Topics 26, and 28-29, which pertain to the County's property tax assessment and collection procedures both in general and as they concern the County's affirmative claims for damages in this action, and

- Topics 32-35, which seek testimony on that basic details concerning how the County believes Defendants engaged in discriminatory lending conduct or other conduct that violated the Fair Housing Act.

### B. Meet and Confer Efforts

After the Notice was served on February 22, the County did not respond, at all, for three weeks. As a result of the lack of any response, and the approaching March 23 noticed deposition date, on March 18, the Defendants contacted the County to request available deposition dates between April 4th and April 15th.[2] Ex. 2, Mar. 18, 2016 Email from C. Azuero to D. Dailey, at 1. The County still did not respond. On March 21, 2016, the Defendants contacted the County again regarding the Notice and requested to meet and confer regarding the Notice. Ex. 3, Mar. 21, 2016 Email from C. Azuero to D. Dailey.

The County finally responded and the parties met and conferred on March 22, 2016. At that time, the County informed Defendants, for the first time, that it planned to submit written objections and, despite the Notice having been served a month before, that it would take the County approximately two more weeks to serve its objections. The only concern noted by the County during the meet and confer was that testimony on certain topics regarding damages was premature as the County has not yet analyzed Defendants' loan data, which Defendants began

---

[2] All communications recited in this Memorandum were between counsel for the parties.

producing in September 2015, and completed production of on February 16, 2016 (before the Notice was served).

Later the same day, the Defendants informed the County that the current discovery schedule Defendants had proposed to the Court did not allow for an additional two week delay in the meet and confer process to wait on the County's written objections. Ex. 4, Mar. 22, 2016 Email from S. Rose-Smith to D. Dailey, at 4. To accommodate the County's stated concern, Defendants offered to temporarily defer testimony on the damages topics that may require a review of loan data, but requested available dates between April 11th and April 25th for the remaining topics. *Id*. On March 24, 2016, the County offered to provide a witness on 3 of the 36 topics. Ex. 7, Mar. 24, 2016 Email from D. Dailey to S. Rose-Smith, at 3-4. The County then finally submitted written objections to the Notice on March 28, 2016 – over 30 days after the Notice was served. Ex. 5, Mar. 28, 2016 Letter from D. Dailey to S. Rose-Smith, at 4. The County's objection letter claimed it would provide witnesses for the "Notice" topics in the Notice, but issued a blanket objection to the remaining "Damages" topics, claiming testimony would be "premature." *Id*. at 1. Defendants responded to the County's objections the very same day. Ex. 7, Mar. 28, 2016 Email from S. Rose-Smith to D. Dailey, at 2. The next day, the County said it would provide a witness to testify on topics 3-10 in the Notice. Ex. 7, Mar. 29, 2016 Email from D. Dailey to S. Rose-Smith, at 1.

The parties met and conferred again on March 30, 2016. Ex. 6, Mar. 31, 2016 Email from S. Rose-Smith to D. Dailey. As a sign of good faith, the Defendants agreed to temporarily defer testimony on topics 1-2 at the County's request (even though the County had already agreed to provide a witness for all other "Notice" topics), and topics 17-22, 27, and 30 (concerning certain damages issues) to a later date. The County, however, still only agreed to

provide dates for testimony on topics 3-10, 12-16.  Defendants informed the County it would file a motion to compel on the remaining topics on Friday, April 1, 2016.  At 6:25pm EST on Friday, April 1, 2016, minutes before Defendants were about to file a motion to compel, Plaintiff informed Defendants that they would offer deposition testimony for topics 23-25, 31, and 32.  But, as to topic 32, the witness would only testify as to what is alleged in the Complaint.

As of the date of this filing, the County refuses to provide proposed testimony dates for topics 26, 28-29, 32-35.  Defendants understand the County's position to be that testimony for some of those topics is premature, and for others, the County needs even more time to identify witnesses.  It has now been more than 50 days since the Notice was served.  The County has had an abundance of time to identify witnesses, yet the County has refused to provide even a date by which it will propose dates in the future.  Because this delay is beginning to actively prejudice Defendants ability to conduct the necessary discovery it needs in this matter, it timely filed this motion on to seek resolution by the Court.

## II. LEGAL STANDARD

Rule 30(b)(6) places a duty upon the named organization to produce a knowledgeable and prepared witness to testify on its behalf.  FED R. CIV. P. 30(b)(6).  A Rule 30(b)(6) notice "alone is enough to compel the corporation to comply" and "[i]t is the duty of the corporation to name and produce one or more persons who consent to testify on its behalf as to matters known or reasonably available to the organization." *Mitsui & Co. (U.S.A.), Inc. v. Puerto Rico Water Res. Auth.*, 93 F.R.D. 62, 66 (D.P.R. 1981).

## III. ARGUMENT

Defendants seek to compel deposition testimony on the above referenced topics for two reasons: (1) the testimony is highly-relevant and there is no justifiable ground for delaying it, and

(2) the County has failed to file a motion for protective order, as it was required to do if it believed the topics were substantively or temporally improper.

### A. The topics are all appropriate subjects for discovery now.

First, the topics at issue are all clearly appropriate subjects for discovery in this case and cut to the core of the issues raised by the County in its own Amended Complaint, *i.e.* what discrimination the County believes occurred (topics 32-35) and how the County handles its own property tax assessment duties, which is directly relevant to its injury claim (topics 26 and 28-29). *See e.g.*, Ex. 1, Notice. Even the County appears to concede, through its lack of substantive objections, that the testimony is appropriate; it only seeks to delay the testimony based on the objection that it needs more time to review data—data that was produced between September 2015 and February 2016. But the topics at-issue do not require the County to analyze data—they only require the County to provide the person most currently knowledgeable about certain basic details of how the County operates and what its current knowledge is.

Initially, most of the topics that the County refuses to provide testimony on cover straightforward subjects concerning how the County assesses and collects property taxes and what factors the County believes affect property tax revenue:

> 26. How Cook County divides property tax revenue with townships within Cook County, incorporated municipalities wholly or partially within Cook County, the City of Chicago, and any other type of political subdivision or entity that may receive any portion of property tax revenue from properties located within Cook County.
>
> 28. Whether there are factors other than completed foreclosure sales that You believe have affected property tax values within Cook County since 2004, and what those factors are.
>
> 29. Whether there are lenders other than Defendants that You believe also caused you to suffer an injury to your property tax

>revenue since 2004. If so, the identities of those lenders and whether those lenders caused a decrease in any of the property tax values for properties associated with any loans made by the Defendants within Cook County.

Ex. 1, Notice, at 7-8. Those topics obviously do not require any data analysis.

Next, the remaining disputed topics concern the bases for the County's own claims of discrimination, which information it necessarily needed to have *before* it filed suit:

> 32. What You contend is the Lending Discrimination that You allege Defendants engaged in, and whether any of that conduct continued on or after March 31, 2012. For this topic, the witness(es) must be able to testify to details regarding the exact nature of each form of alleged discrimination, including:
>     a. What conduct constituted intentional discrimination;
>     b. What conduct is the basis for your disparate impact;
>     c. What loan origination conduct was discriminatory and how;
>     d. What loan servicing conduct was discriminatory and how;
>     e. What foreclosure conduct was discriminatory and how; and
>     f. What defendants engaged in each of the above-described forms of conduct and how each defendant's conduct differed from other defendant, if at all.
>
> 33. What You contend are the types of loans or loan terms that You allege were originated by any Defendant in violation of the FHA.
>
> 34. What You contend are the types of servicing practices that You allege were originated by any Defendant in violation of the FHA.
>
> 35. What You contend are the mortgage origination, servicing or foreclosure policies used by any Defendant that You believe violated the FHA.

*Id*. at 8-9.[3] If it is the County's position that it cannot answer these basic questions about the reasons why it filed this lawsuit, then the Amended Complaint was filed in bad faith and the suit should be dismissed. If the County believes that it may learn more about alleged discrimination

---

[3] With respect to topic 32, the County has only offered to provide a witness who can speak to the discrimination that is *alleged* in the Complaint. That is not what this topic seeks. Defendants are entitled to know what *evidence* the County is aware of regarding its claims of discrimination.

in the course of discovery (despite the fact that discovery has already been open for nearly a year), then it can inform the Defendants of that, if and when it occurs, and the parties can then confer on the appropriate discovery to explore any such future revelations.

Either way, Defendants are entitled to conduct depositions on these issues now, in part to explore if the Counties have any knowledge of any discrimination having occurred within the Fair Housing Act's two-year statute of limitations period. If the County does not, then that will be highly relevant to a limitations-focused summary judgment motion Defendants intend to file in the near future.[4]

### B. The County has waived any ability to refuse or delay testimony on the topics because it failed to seek a protective order in a timely manner.

The testimony should also be compelled because the County has waived its right to challenge or delay a deposition on the noticed topics from proceeding. If the County believed that it required substantive or temporal relief from the topics, it was required under Federal Rule of Civil Procedure 26(c)(1) to move for a protective order. The County did not do this; in fact, it did not even *respond* to Defendants' attempts to confer on the issue until March 21—two days before the topics were originally noticed for deposition. In fact, the County only agreed to testimony on other outstanding topics at the eleventh hour, knowing that Defendants intended to file a motion to compel testimony on April 1. Further, even if the County had asserted valid and timely written objections to the topics (which it did not), that would still be inadequate grounds to refuse to provide a deponent. *See, e.g., New England*, 242 F.R.D. at 166 (party cannot shift burden to Defendants to seek 30(b)(6) testimony based on objections); *Fort Worth Employees' Ret. Fund v. J.P. Morgan Chase & Co.*, No. 09 CIV. 3701 JPO JCF, 2013 WL 6439069, at *2

---

[4] Defendants note that at an earlier hearing in this matter, Judge Bucklo specifically told the parties, in response to a question posed by Defendants' counsel, that the Defendants would be allowed to file such an early summary judgment motion focused on limitations-issues.

(S.D.N.Y. Dec. 9, 2013) (holding a party "may not merely rest upon its objections, but must move for a protective order."); *see also Robinson v. Quicken Loans, Inc.*, No. 3:12-CV-00981, 2013 WL 1776100, at *3 (S.D.W. Va. Apr. 25, 2013) (same).

The Notice has now been pending for over 50 days, the County has not filed a motion for a protective order (despite moving for one recently on other noticed depositions, Dkt. No. 109), and at this point the County's goal appears to be delaying, for as long as possible, Defendants' efforts at obtaining clearly relevant discovery and testimony. There is no grounds under the Federal Rules for rewarding the County's obstruction efforts. *See also, Foster-Miller, Inc. v. Babcock & Wilcox Canada*, 210 F.3d 1, 17 (1st Cir. 2000) (upholding sanctions against corporation for failing to either designate a 30(b)(6) witness or obtain a protective order).

Because the County refuses to comply with the Notice, Defendants request the Court compel testimony on topics 26, 28-29, 32-35.

## IV. CONCLUSION

For the reasons above, Defendants request the Court grant their Motion and order the County to provide dates during the month of April 2016 when the Defendants can take testimony on topics 26, 28-29, 32-35.

Dated: April 6, 2016              Respectfully Submitted,

                                  By:    /s/ *Sabrina Rose-Smith*

                                         Joel Erik Connolly
                                         *econnolly@winston.com*
                                         Ryan Marc Dunigan
                                         *rdunigan@winston.com*
                                         WINSTON & STRAWN LLP
                                         35 West Wacker Drive
                                         Chicago, IL 60601-9703
                                         Tel.: (312) 558-5600

9

Fax: (312) 558-5700

Thomas M. Hefferon
*thefferon@goodwinprocter.com*
Sabrina M. Rose-Smith
*srosesmith@goodwinprocter.com*
Matthew S. Sheldon
*msheldon@goodwinprocter.com*
GOODWIN PROCTER LLP
901 New York, Avenue, N. W
Washington, DC 20001
(212) 346-4000

James W. McGarry
jmcgarry@goodwinprocter.com
GOODWIN PROCTER LLP
Exchange Place
Boston MA, 02109
(617) 570-1000

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 6, 2016, I caused a true and correct copy of the foregoing to be served upon counsel of record as of this date by electronic filing.

/s/ *Sabrina Rose-Smith*
One of the attorneys for Defendants