# Exhibit 1

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| COUNTY OF COOK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| BANK OF AMERICA CORPORATION, ) | Case No. 14-cv-2280 |
| BANK OF AMERICA, N.A., ) | |
| COUNTRYWIDE FINANCIAL ) | Judge Elaine E. Bucklo |
| CORPORATION, COUNTRYWIDE HOME ) | |
| LOANS, INC., COUNTRYWIDE BANK, FSB, ) | **NOTICE OF DEPOSITION OF** |
| COUNTRYWIDE WAREHOUSE LENDING, ) | **PLAINTIFF COUNTY OF COOK** |
| LLC, BAC HOME LOANS SERVICING, LP, ) | **PURSUANT TO FEDERAL RULE OF** |
| MERRILL LYNCH & CO., INC., MERRILL ) | **CIVIL PROCEDURE 30(B)(6)** |
| LYNCH MORTGAGE CAPITAL INC., and ) | |
| MERRILL LYNCH MORTGAGE LENDING, ) | |
| INC., ) | |
| ) | |
| Defendants. ) | |

PLEASE TAKE NOTICE that pursuant to Rules 26 and 30(b)(6) of the Federal Rules of

Civil Procedure, Defendants Bank of America Corporation ("BAC"); Bank of America, N.A.

("BANA") (named here in its own capacity and as successor by de jure merger with

Countrywide Bank, FSB ("CWB") and BAC Home Loans Servicing, L.P. ("BACHLS"))

(collectively, the "Bank of America Defendants"); Countrywide Financial Corporation ("CFC");

Countrywide Home Loans, Inc. ("CHL") (CFC and CHL are collectively the "Countrywide

Defendants"); Merrill Lynch & Co., Inc. ("Merrill"); Merrill Lynch Mortgage Capital Inc.

("MLMCI"); and Merrill Lynch Mortgage Lending, Inc. ("MLML") (Merrill, MLMCI, and

MLML are collectively the "Merrill Defendants") (collectively, "Defendants"),[1] will take the

---

[1] Countrywide Warehouse Lending, LLC merged into BofA Merrill Lynch Asset Holdings, Inc. in March 2014 and no longer exists.

deposition upon oral examination of Plaintiff County of Cook, Illinois ("Plaintiff" or the "County").

Pursuant to Fed. R. Civ. P. 30(b)(6), Plaintiff is requested to designate one or more officers, members, employees, agents or other persons who are most qualified to testify on its behalf as to the subject matters identified below. If Plaintiff designates a separate deponent with respect to any described matter for examination, Plaintiff shall so advise Defendants prior to the deposition.

The deposition or depositions described herein shall take place on March 23, 2016 beginning at 9:00AM CST, or at other such time as is mutually agreeable to the parties, at Winston & Strawn LLP, 35 West Wacker Drive, Chicago, Illinois 60601. The deposition will be conducted before a notary public or other officer authorized to administer oaths pursuant to Rule 28 of the Federal Rules of Civil Procedure, will be recorded by stenographic and/or audio-visual means, and will continue from day to day (Sundays and holidays excluded) until completed.

**DEFINITIONS AND INSTRUCTIONS**

Notwithstanding any definition below, each word, term, or phrase used in this Notice are intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

1. The term "Defendants" means Defendants Bank of America Corporation; Bank of America, N.A., for itself and as successor by de jure mergers to Countrywide Bank, FSB and BAC Home Loans Servicing, LP; Countrywide Financial Corporation; Countrywide Home Loans, Inc.; Merrill Lynch & Co., Inc.; Merrill Lynch Mortgage Capital Inc.; and Merrill Lynch Mortgage Lending, Inc.; and any of their current and former agents, representatives, directors, officers, and employees. The term "Defendants" also means any other entity for whose conduct You claim Defendants are liable.

1

2. The terms "Cook County," "County," "You," "Your," and "Plaintiff" shall mean or refer to Plaintiff County of Cook, Illinois and any of its present or former departments, agencies, bureaus, commissioners, divisions, offices, officers, committees, employees, or agents, and any person or entity controlled by or acting or purporting to act on its behalf, including the following offices, bureaus, departments and elected officials: (1) the Board of Commissioners (and all board committees); (2) the Board of Review Commissioners; (3) the Assessor; (4) the Recorder of Deeds; (5) the Treasurer; (6) the Office of the Independent Inspector General; and (7) the Office of the President, which at a minimum, must include the following agencies, offices and departments: (a) the Secretary to the Board; (b) the Bureau of Finance; (c) the Department of Revenue; (d) the Bureau of Economic Development; (e) the Office of Budget & Management Services; (f) the Geographic Information Systems Department; (g) the County Auditor; and (h) the Bureau of Planning and Development. In this Notice, "You" is intended to encompass any of these persons or entities.

3. The term "Lawsuit" means the case captioned *County of Cook v. Bank of America Corporation, et al.*, No. 1:14-cv-02280, filed in the United States District Court of the Northern District of Illinois, on or about March 31, 2014.

4. The term "Complaint" means the "Corrected Complaint" filed on or about April 9, 2014 in the Lawsuit.

5. The term "Discriminatory Loans" means any mortgage loans originated or serviced by any Defendant with regard to which You contend any Defendant's loan origination or loan servicing conduct violated the Fair Housing Act.

6. The term "Fair Housing Act" or "FHA" means the Fair Housing Act of 1968, 42 U.S.C. §§ 3601, e*t seq.*

7. The term "Lending Discrimination" means the purported conduct that You allege or believe Defendants engaged in and that You contend violated the FHA.

8. The terms "Minority" or "Minorities" means African-American or Hispanic persons.

**SUBJECT MATTER**

Pursuant to Fed. R. Civ. P. 30(b)(6), Plaintiff is requested to designate and produce for deposition one or more officers, members, employees, agents or other persons who are most qualified to testify on its behalf as to the subject matters identified below.

**NOTICE**

1. Your activities, since January 1, 2009, to track foreclosure filings and completed foreclosures for residential mortgage loans on property located within Cook County, Illinois.

2. Your activities, since January 1, 2009, to track mortgage loan types and mortgage loan terms for residential mortgage loans on property located within Cook County, Illinois.

3. Your knowledge, prior to March 31, 2012, of the alleged Lending Discrimination that is the subject of this Lawsuit.

4. When and how You first had notice that Defendants allegedly engaged in the Lending Discrimination that is the subject of this Lawsuit.

5. The reasons, if any, why You were prevented from discovering, prior to March 31, 2012 the alleged Lending Discrimination that is the subject of this Lawsuit.

6. When and how You first had notice that You sustained the injuries You allege in this Lawsuit, and when and how you first discovered the Defendants' alleged Lending Discrimination caused You to sustain those injuries.

7. When and how You first had notice that the Defendants' alleged Lending Discrimination caused or contributed to: (i) home foreclosures within Cook County, or (ii) increased municipal expenditures and other incurred costs as alleged in the Complaint.

8. When and how You first had notice that lending discrimination by any lender of the type alleged in this Lawsuit caused or contributed to (i) home foreclosures within Cook County, or (ii) municipal expenditures and other incurred costs as alleged in the Complaint.

9. When and how You first became aware of the existence of actions brought by cities or counties in the United States against mortgage lenders alleging similar theories under the FHA to those asserted in this Action, such as *Mayor of Baltimore v. Wells Fargo Bank, N.A.*, No. 1:08-cv-00062 (D. Md. 2008); *City of Birmingham v. Citigroup Inc.*, No. CV-09-BE-467-S (N.D. Ala. 2009); *City of Memphis v. Wells Fargo Bank, N.A.*, No. 09-02857-STA (W.D. Tenn. 2009).

10. The actions You took to diligently file this Lawsuit, including Your investigation of the alleged conduct and/or Your alleged injuries.

11. All meetings, discussions, presentations, or other communications between You and any person (including persons within the definition of You and including counsel of record) concerning the investigation of, or the commencement of a lawsuit against, any lender for lending discrimination of the type alleged in this Lawsuit. Included in this topic are the dates, names of attendees, identification of documents used or distributed, and the non-privileged content of the meetings, discussions, presentations, or communications.

12. The nature of the data and information recorded in your Anti-Predatory Lending Database and the nature of the data and information in any other database You or Your

employees use that concerns mortgage loan terms, mortgage loan servicing or mortgage foreclosures.

13. When and why the Anti-Predatory Lending Database was created.

14. Whether the Anti-Predatory Lending Database includes any loans ever made by Defendants or otherwise indicates that any Defendant has made a loan that Cook County has defined as "predatory."

**DAMAGES**

**Municipal Services**

15. The composition, duties, and operations of the Cook County Board of Commissioners since January 1, 2009. For this topic the witness(es), must be able to testify to who the Commissioners have been since 2009, what their general duties have been, what the Commission generally does, how and when it typically meets, how it makes decisions, what subcommittees it has, and how it interacts with other branches of the Cook County government, the Illinois state government and other local governments, such as incorporated municipalities, townships and the City of Chicago.

16. The departments or agencies of Cook County that have taken any action since 2009 to monitor the terms of mortgage loans originated in Cook County, the servicing of mortgage loans in Cook County or the foreclosure of mortgage loans in Cook County.

17. The departments or agencies of Cook County that you believe to have provided any municipal service or incurred any cost for which you seek recovery in this Lawsuit.

18. The specific types of municipal services and other incurred costs for which You seek recovery in this Lawsuit, the relevant department or agency, and Your basis for seeking to recover for those services and/or costs. This includes whether you seek recovery for

municipal services or other incurred costs by other political subdivisions, including, without limitation, incorporated municipalities wholly or partially within Cook County, townships within Cook County, and the City of Chicago.

19. With respect to the types of municipal services and other incurred costs for which you seek recovery in this Lawsuit, the division of responsibility for providing those services or incurring those costs between Cook County, individual townships within Cook County, incorporated municipalities wholly or partially within Cook County, the City of Chicago, and any other type of political subdivision within Cook County that may provide such services or incur such costs.

20. How you can connect the specific instances of municipal services and other incurred costs for which you seek recovery in this Lawsuit to specific properties or foreclosures.

21. The computer and other data systems used by You and Your employees to track the provision of any municipal service for which you seek recovery in this Lawsuit or that track any other incurred cost for which you seek recovery. This includes the the identity of all vendors of these systems and the ability of each system to collect, store, and be searched for information relevant to this Lawsuit.

## Property Tax

22. The details of your claim that you have suffered a loss in property tax revenue as a result of Defendants' alleged Lending Discrimination.  For this topic, the witness(es) must be able to testify to the types of properties for which You believe you have suffered a property tax loss for which you seek recovery in this Lawsuit, including:
    a. Whether you seek any recovery for properties associated with loans that never defaulted;
    b. Whether you seek any recovery for properties associated with loans that defaulted, but never had foreclosure proceedings initiated;
    c. Whether you seek any recovery for properties associated with loans that had foreclosure proceedings initiated, but a foreclosure sale never occurred;
    d. Whether you seek any recovery for properties associated with loans that were sold pursuant to a short sale;
    e. Whether you seek any recovery for properties that were NOT associated with loans made by any Defendant.
23. The Cook County departments or agencies with any responsibility since 2004 for property tax assessments and property tax collection.
24. How Cook County has assessed the value of properties since 2004, including the role that completed foreclosure sales or short sales have played in such assessments.
25. How Cook County has collected property taxes since 2004, including its use of tax lien sales.
26. How Cook County divides property tax revenue with townships within Cook County, incorporated municipalities wholly or partially within Cook County, the City of Chicago,

and any other type of political subdivision or entity that may receive any portion of property tax revenue from properties located within Cook County.

27. How Cook County calculates the property tax losses it seeks to recover in this Lawsuit.

28. Whether there are factors other than completed foreclosure sales that You believe have affected property tax values within Cook County since 2004, and what those factors are.

29. Whether there are lenders other than Defendants that You believe also caused you to suffer an injury to your property tax revenue since 2004. If so, the identities of those lenders and whether those lenders caused a decrease in any of the property tax values for properties associated with any loans made by the Defendants within Cook County.

30. The "GPS mapping techniques" and "statistical regression techniques" mentioned in paragraph 419 of the Complaint, as well as any other methods You propose using to calculate Your damages.

31. The computer and other data systems used by You and Your employees to relating in any way to property tax assessments or property tax collections. This includes the identity of all vendors of these systems and the ability of each system to collect, store, and be searched for information relevant to this Lawsuit.

**Discrimination**

32. What You contend is the Lending Discrimination that You allege Defendants engaged in, and whether any of that conduct continued on or after March 31, 2012. For this topic, the witness(es) must be able to testify to details regarding the exact nature of each form of alleged discrimination, including:

    a. What conduct constituted intentional discrimination;

    b. What conduct is the basis for your disparate impact;

  c. What loan origination conduct was discriminatory and how;

  d. What loan servicing conduct was discriminatory and how;

  e. What foreclosure conduct was discriminatory and how; and

  f. What defendants engaged in each of the above-described forms of conduct and how each defendant's conduct differed from other defendant, if at all.

33. What You contend are the types of loans or loan terms that You allege were originated by any Defendant in violation of the FHA

34. What You contend are the types of servicing practices that You allege were originated by any Defendant in violation of the FHA.

35. What You contend are the mortgage origination, servicing or foreclosure policies used by any Defendant that You believe violated the FHA.

36. The nature of and basis for Your purported allegations (asserted in Plaintiff's Responses and Objections to Defendant Bank of America, N.A.'s First Set of Interrogatories, at Interrogatories 8 and 9) that one or more Defendants discriminated in either mortgage lending or servicing with regard to female borrowers, including whether you believe any such discrimination was intentional.

Dated: February 22, 2016

Respectfully Submitted,

By: _____

Ryan M. Dunigan
*rdunigan@winston.com*
J. Erik Connolly
*EConnolly@winston.com*
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
Tel.: (312) 558-5600

Fax: (312) 558-5700

Sabrina Rose-Smith
*SRoseSmith@goodwinprocter.com*
Thomas M. Hefferon
*THefferon@goodwinprocter.com*
James W. McGarry
*JMcGarry@goodwinprocter.com*
Matthew S. Sheldon
*MSheldon@goodwinprocter.com*
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, D.C. 20001
Tel.: (202) 346-4000
Fax: (202) 346-4444

*Attorneys for Defendants Bank of America Corporation, Bank of America, N.A., Countrywide Financial Corporation, Countrywide Home Loans, Inc., Countrywide Bank, FSB, Countrywide Warehouse Lending, LLC, BAC Home Loans Servicing, LP, Merrill Lynch & Co., Inc., Merrill Lynch Mortgage Capital Inc., and Merrill Lynch Mortgage Lending, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on this day I served the foregoing NOTICE OF DEPOSITION OF PLAINTIFF COUNTY OF COOKPURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(B)(6) on all parties by causing a true and correct copy to be delivered by email and FedEx addressed to:

| | |
|---|---|
| FedEx Service: | Daniel A. Dailey<br>*ddailey@jdmlaw.com*<br>JAMES D. MONTGOMERY AND ASSOCIATES, LTD.<br>One North LaSalle Street<br>Suite 2450<br>Chicago, Illinois 60602<br>Phone: (312)977-0200<br>Fax: (312)977-0209<br><br>James M. Evangelista (admitted *pro hac vice*)<br>*jim@hpllegal.com*<br>HARRIS PENN LOWRY LLP<br>400 Colony Square, Suite 900<br>1201 Peachtree Street, NE<br>Atlanta, GA 30361<br>Phone: (404)961-7650<br>Fax: (404)961-7651 |
| Email Service: | James D. Montgomery, Jr.<br>*james2@jdmlaw.com*<br>John K. Kennedy<br>*jkennedy@jdmlaw.com*<br>Daniel A. Dailey<br>*ddailey@jdmlaw.com*<br>Michelle M. Montgomery<br>*mmm@jdmlaw.com*<br>JAMES D. MONTGOMERY AND ASSOCIATES, LTD.<br>One North LaSalle Street<br>Suite 2450<br>Chicago, Illinois 60602<br>Phone: (312)977-0200<br>Fax: (312)977-0209<br><br>James M. Evangelista (admitted *pro hac vice*)<br>*jim@hpllegal.com*<br>Jeffrey R. Harris (admitted *pro hac vice*)<br>*jeff@hpllegal.com* |

Darren W. Penn (admitted *pro hac vice*)
*darren@hpllegal.com*
David J. Worley (admitted *pro hac vice*)
*david@hpllegal.com*
HARRIS PENN LOWRY LLP
400 Colony Square, Suite 900
1201 Peachtree Street, NE
Atlanta, GA 30361
Phone: (404)961-7650
Fax: (404)961-7651
*Special Assistant State's Attorneys*

Dated: February 22, 2016      /s/ Alicia Rubio      .