——————— Law Offices ———————

# JDM

## James D. Montgomery
## and Associates, Ltd.

Daniel A. Dailey
Direct: (312) 977-0200
ddailey@jdmlaw.com

**March 28, 2016**

<u>Via: Email & U.S. Mail</u>

Sabrina M. Rose-Smith
*SRoseSmith@goodwinprocter.com*
**Goodwin Procter LLP**
901 New York Ave., NW
Washington, DC 20001

RE:   <u>**Cook County v. Bank of America 1:14-cv-02280:**</u>
      **The County's Objections to Depositions**

Dear Sabrina,

Per our meet and confer on March 22, 2016 regarding Defendants' 30 (b) 6 Notices and Deposition Notices of Cook County President Toni Preckwinckle, Past Presidents Bobbie Steele, and Todd Stroger, ("County Presidents"); the County will produce a most knowledgeable person(s) pursuant to your 30 (b) 6 Notice, "Notice" section under the heading Subject Matter. However, the County objects to any depositions of any most knowledgeable persons under the "Damage" section of your 30 (b) 6 as premature. As Defendants agreed in its March 23rd email, deponents to speak on the County's damages will be deferred. The County reserves its right to assert further objections to the "Damages" topic, after identification of the subject loans and the corresponding departments.

The County objects to any deposition of the County Presidents on the grounds that such information sought is irrelevant, duplicative, and not likely to lead to any admissible evidence. Defendants have failed to demonstrate the requisite knowledge of the County Presidents required under Seventh Circuit law. However, as a concession, the County is willing to produce an individual(s) from/under the Office of the President and pursuant to several topics in Defendants 30(b) 6 and the deposition notices of the County Presidents. This letter sets out the County's objections in more detail.



**Meet and Confer on March 22, 2016**

During the meet and confer, the County specifically requested the Defendants to provide an explanation of the relevant and specific information sought from the County Presidents. Defendants responded by citing to the County's Interrogatory responses which stated that the Commissioners and Officer of the President is charged with acting and bringing a civil action on behalf of the County. Defendants further advised, they are seeking information relevant to knowledge of the Past Presidents relating to, or referring to "notice" of its claims against the Defendants. Defendants specifically pointed out that it recognized the County's official position was recorded in the minutes; however, the Defendants are also seeking the personal knowledge of County Presidents, and what the County Presidents knew "unofficially." The County then advised the Defendants that in Defendants' 30 (b) 6 notices under the section titled "Notice," the Defendants are seeking the most knowledgeable person to speak for "Notice" and "knowledge" of the County, but are now requesting the same exact information in a deposition from the County Presidents. Defendants responded again, that it is seeking information from the County Presidents in their "personal capacity" and that "it would be a hard argument to make that the County Presidents had personal knowledge and did nothing official."

The County advised the Defendants that the County would not be providing any "knowledgeable" individuals pursuant to Defendants' 30 (b) 6 Notices on the topic of Damages, until each "subject loan" was identified and the relevant department/bureau could specifically speak on that property and the nature of the damages sustained. Defendants requested a time frame for when the process of identifying the "subject/predatory" loans would be complete. The County advised, it depends on what additional data fields the court ordered the Defendants to produce; however, the County's experts are currently analyzing the data to identify the loans it can with the existing data.

**The County Presidents**

The County maintains its objection stated during the meet and confer, as the Defendants have not presented a single reason for deposing any County Presidents that cannot be ascertained through lower level employees, or already answered in an interrogatory, or stated in the County's minutes. In fact, the defendants completely ignore the individual who signed the verification pages that answered the very questions Defendants are attempting to explore with the County Presidents. Such an attempt to extract irrelevant and duplicative information from the County Presidents does not meet the threshold legal requirement to require a



Page 3

high ranking government official to sit for a deposition. The information Defendants are seeking can be ascertained via the most knowledgeable person under Defendants 30 (b) 6 Notice per the County's concession stated herein. The County maintains its objections.

As a concession, the County is willing to provide a most knowledgeable individual(s), pursuant to Defendants' 30 (b) 6 Notice and deposition notices for the County Presidents, from the Office of the President. The County can confirm that the most knowledgeable individual(s) will speak for the Office of the President and *is* the most knowledgeable to answer questions deemed to be within the official capacity and knowledge of the County Presidents.

If Defendants refuse to accept this concession, the parties are at an impasse. Please advise by end of business March 28, 2016 whether the Defendants will accept this proffer.

**General Objections**

The County asserts an objection to Defendants topics that require an expert to testify. The County will not produce a "most knowledgeable" person(s) to discuss or even attempt to discuss matters strictly within the experts' knowledge. Such topics specifically include, but may not be limited to: 27, 28, 30, 32, 33. The County reserves its right to object should Defendants elicit information within an expert's knowledge.

The County continues to assert its objections to the definition of "Cook County" as limited to the Office of the President and the Board of Commissioners. The County recognizes that the court has ordered the inclusion of several different departments for the purposes of responding to discovery; however, the County reserves the right to object on grounds of relevancy and foundation to the Defendants' definition.

The County objects to any, and all topics requesting County individual(s) to speak on subject matters involving "knowledge" prior to March 31, 2012. No such witness exists, and it is an extreme burden to produce a witness in response to Defendants' 30 (b) 6 requests to identify the most "knowledgeable" individual only to state that the individual has no knowledge.



The County reserves all objections but identifies objections to the specific topics below:

[Notice]

*13. When and why the Anti-Predatory Lending Database was created.*

The County incorporates all general objections herein. The County objects to foundation and relevance. The Anti-Predatory Lending Database is a creature of state statute, therefore any reason it was created would be in the statute itself or within the knowledge of a completely different public entity. Nonetheless, the County will provide an individual to speak as to the County's knowledge of the Anti-Predatory Lending Database.

[Notice]

*3. Your knowledge, prior to March 31, 2012, of the alleged Lending Discrimination that is the subject of this Lawsuit.*

The County incorporates all general objections as set forth herein. The County objects to this topic as overly broad and vague. While the County will produce an individual, the County objects to the burden of presenting a "most knowledgeable" deponent to state it has no knowledge.

[Damages]

*11. All meetings, discussions, presentations, or other communications between You and any person (including persons within the definition of You and including counsel of record) concerning the investigation of, or the commencement of a lawsuit against, any lender for lending discrimination of the type alleged in this Lawsuit. Included in this topic are the dates, names of attendees, identification of documents used or distributed, and the non-privileged content of the meetings, discussions, presentations, or communication*

The County objects to this topic pursuant to attorney-client privilege with counsel of record, attorney work product, and attorney-client privilege with the State's Attorney and the County. Moreover, any information, or documents, occurring after March 2012 is irrelevant for purposes of the Defendants' misplaced statute of limitations' defense, the County objects accordingly. Importantly, "counsel of record" cannot be included in the definition of "You" for purposes of a deposition,



Page 5

accordingly the County objects. To the extent Defendants maintain it is entitled to the substance of this information, the parties are at an impasse. The County incorporates all general objections.

[Damages]

*36. The nature of and basis for Your purported allegations (asserted in Plaintiff's Responses and Objections to Defendant Bank of America, N.A.'s First Set of Interrogatories, at Interrogatories 8 and 9) that one or more Defendants discriminated in either mortgage lending or servicing with regard to female borrowers, including whether you believe any such discrimination was intentional.*

The County objects to this topic on grounds that the County has stated in response and in accordance with Judge Rowland's order that, "Yes, as confirmation and consistent with our amended responses as represented before Judge Rowland, the phrase "including women" refers to African American and Latino/Hispanic women." Dailey Response Email- March 21, 2016. The County will not be producing any individual(s) to speak on this topic.

Kindest regards,

Daniel A. Dailey
Special Assistant State's Attorney
Cook County, Illinois