AND FN.3UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COUNTY OF COOK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| BANK OF AMERICA CORPORATION, ) | Case No. 14-cv-2280 |
| BANK OF AMERICA, N.A., ) | |
| COUNTRYWIDE FINANCIAL ) | Honorable Elaine E. Bucklo |
| CORPORATION, COUNTRYWIDE HOME ) | |
| LOANS, INC., COUNTRYWIDE BANK, FSB, ) | Magistrate Judge Mary M. Rowland |
| COUNTRYWIDE WAREHOUSE LENDING, ) | |
| LLC, BAC HOME LOANS SERVICING, LP, ) | |
| MERRILL LYNCH & CO., INC., MERRILL ) | |
| LYNCH MORTGAGE CAPITAL INC., and ) | |
| MERRILL LYNCH MORTGAGE LENDING, ) | |
| INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION TO COMPEL RULE 30(b)(6) DEPOSITION OF COOK COUNTY**

Defendants seek to compel the County's testimony to deposition topics that are central to the County's claim that Defendants' alleged lending practices caused the County injury, but the County thus far has made every effort to hinder Defendants' ability to take testimony on this topic. In its original motion, Defendants sought to compel a witness on 7 topics (specifically, topics 26, 28-29, 32-35) because the County refused to give Defendants dates more than 2 months after the deposition was served. Since the motion was filed, the parties have attempted to resolve the deposition dispute, and Plaintiff has provided some additional dates, but Defendants continue to request the Court's assistance to resolve open deposition date issues, and because Defendants have serious concerns regarding the County's willingness to produce witnesses for

deposition, even after having agreed to do so.

First, as detailed in Defendants' opening motion and memorandum ("Motion"), Defendants moved to compel the County's testimony to topics 28 and 29, both of which relate to the County's residential real estate tax assessment practices, because the County had refused outright to designate a witness to testify to those topics. Since Defendants filed their Motion, the County expressly agreed to, but then failed to produce, a witness that could testify on four other noticed topics (23-25 and 31) that relate to the same real estate tax assessment issues raised in topics 28-29. As a result, Defendants request that the Court order the County to produce a witness or witnesses knowledgeable regarding 23-25, and 31.

Second, Defendants also still seek to compel the County's testimony to topics 26, 28-29, and 32-35. The County now claims that it will produce a knowledgeable witness to speak to these topics, but given the County's history of refusing to produce knowledgeable Rule 30(b)(6) witnesses and its penchant for cancelling agreed upon 30(b)(6) depositions at the eleventh hour, a Court order compelling the County to produce a knowledgeable witness who can testify to these topics is still necessary to ensure that the County follows through with its promise to do so.

I.  **DEVELOPMENTS AFFECTING THE SCOPE OF DEFENDANTS' MOTION TO COMPEL**

The scope of Defendants' Motion to Compel has changed somewhat since it filed its Motion on April 6, 2016. The change is due solely to the County's failure to honor its agreement to produce a witness who could testify knowledgeably to topics 23-25 and 31 at a deposition that took place on April 28, 2016. Because these topics are related to topics 28-29, which are the subject of Defendants' Motion, Defendants now also seek to compel the County's testimony as

2

to those topics.[1]  Though these topics are related to the other property tax damages topics at issue in Defendants' Motion, Defendants did not initially seek to compel the County's testimony to topics 23-25 and 31 because the County already had agreed to produce a knowledgeable witness to testify to those topics.

The County first agreed to produce a witness as to topics 23-25 and 31 on April 1, 2016.  At no point during the multiple meet and confers that occurred after the County agreed to provide a witness on these topics did the County indicate any concern or uncertainty about producing a witness for topics 23-25 and 31.  In fact, during the parties' April 22, 2016, meet and confer, the County affirmed that it still intended to produce a witness on topics 23-25 and 31 on April 28, 2016.

Despite the County's representations, on April 26, 2016—less than 48 hours before the scheduled April 28, 2016 deposition—the County reversed course, and informed counsel that the Cook County Assessor's Office would not cooperate with this litigation and that it therefore could not produce a witness who is knowledgeable about *any* tax assessment issue.  The County's refusal to produce a witness to testify to that subject matter made the deposition noticed for April 28 a non-event, since tax assessment was the very reason why Defendants noticed those topics.  For this reason, Defendants now seek to compel the County's testimony as to all topics on real estate tax assessment—that is, topics 23-25, 28-29, and 31.

## II. ARGUMENT

    **A. Rule 30(b)(6) obligates the County to produce a witness to testify to topics 23-25, and 31 because those topics concern information that is known to the County and is highly relevant to its damages claims.**

---

[1] Defendants can, if the Court prefers, file a second motion to compel as to topics 23-25 and 31. However, given the Court's stated preference for avoiding repetitive and unnecessary motions, Defendants raise the new topics here because they are related to other topics still at issue.

The County cannot simply refuse to produce a Rule 30(b)(6) witness relating to tax assessment issues on the basis that it "lacks control over the Cook County Assessor's Office"—as it claims in its Response. *See* Resp. ¶ 5. The property tax assessment topics are directly related to the County's claim that Defendants' alleged conduct caused its residential real estate tax revenue to decrease. The County's claim that it does not control the Assessor's office, and therefore cannot produce a knowledgeable witness is untenable for two main reasons: (1) the Assessor's Office is part of the County itself, and not an independent third party entity; and (2) because the County has knowledge of its own tax assessment practices, and those practices are fundamentally related to its damages claims, Rule 30(b)(6) requires the County to produce a witness to testify to that subject matter.

First, the County's claim that it cannot produce a witness from the Assessor's Office should be rejected because the Assessor's Office *is a part of the County*, both as a practical matter and for purposes of discovery in this litigation. The County itself acknowledges that the Assessor's Office is run by an elected County official, and it is listed as an office of the County in its publicly-available organization chart. *See* Resp. ¶ 5; COOK COUNTY ORGANIZATION CHART, http://www.cookcountyil.gov/wp-content/uploads/2014/06/CookCounty_OrgChart1.pdf (last visited April 29, 2016). The mere fact that the County Assessor is an elected official does not make the Assessor or the office a third party separate and distinct from Cook County itself. Nor is it sufficient for the County to argue that its hands are tied because the President and Board of Commissions do not control the Assessor's Office. This action was brought on behalf of Cook County as a whole, not any one single division or office of the County, so the County cannot now separate itself into divisions that will cooperate and those that will not, all while purporting to prosecute this action, and seek damages, on behalf of the entire County.

Moreover, the Assessor's Office is also a part of Cook County for purposes of discovery. This Court expressly overruled the County's objection to the definition of Cook County for purposes of discovery, and in doing so, rejected the County's attempt to exclude other divisions of Cook County on the basis that the offices were run by independently elected officials. *See* Jan. 29, 2016, Order at 1 (rejecting the County's attempt to limit the definition of "Cook County" to include just the Office of the President and the Board of Commissioners as "too narrow").

Indeed, before April 26, 2016, it appeared that the County acknowledged and intended to comply with this Court's order. For example, during a February 19, 2016 meet and confer on other issues, the County led Defendants to believe that the Assessor's Office was cooperating with the litigation, even though counsel claimed that neither the President nor the Board of Commissioners had control over the Assessor's Office. The County's counsel made the point that it had obtained relevant, responsive discovery from the Assessor's Office, and was generally working with the Assessor's Office to respond to the Defendants' written discovery requests.

Given these facts, Cook County has no reasonable basis for its claim that the Assessor's Office is not a part of the County for purposes of this litigation. Nor should it be allowed to establish this arbitrary division given that the County's residential real estate tax assessment practices are *directly relevant* to the County's claim that Defendants' alleged lending practices caused Cook County's residential real estate tax base to be diminished. *See, e.g.*, Compl. ¶¶ 420-422. The County should not be allowed, on one hand, to seek millions in damages for allegedly diminished tax revenue, while on the other, claim that it cannot provide testimony regarding the basis for that demand because the County lacks control over the County office most knowledgeable regarding tax assessments. For these reasons, the County should be compelled to produce a witness who can testify knowledgeably to topics 23-25 and 31.

Second, even if the Assessor's Office is somehow not *politically* under the control of the Office of the President or the Board of the Commissioners, the Assessor's Office's cooperation (or lack thereof) is no excuse for the County's failure to comply with its Rule 30(b)(6) obligations. Rule 30(b)(6) does not require the County to produce a witness from a specific office or with personal knowledge of the designated topics, but rather, it obligates the County to designate an individual who can testify about information "known or reasonably available to the organization" and, if necessary, to educate the designee to testify fully about the noticed topics. *See* FED. R. CIV. P. 30(b)(6); *Chicago Reg'l Council of Carpenters Pension Fund v. Woodlawn Cmty. Dev. Corp.*, No. 09 CV 3983, 2011 WL 6318605, at *4-5 (N.D. Ill. Dec. 15, 2011). Information about topics 23-25 and 31 is "known or reasonably available to" the County because those topics indisputably relate to the injuries the County claims to have suffered in its Complaint. *See* Compl. ¶¶ 420-422. Therefore, the County must be compelled to produce a witness—from the Assessor's Office or otherwise—to testify fully to those topics. *See, e.g.*, *Woodlawn Cmty. Dev. Corp.*, 2011 WL 6318605, at *4-5. If the Assessor's Office might obstruct the County's ability to fulfill this obligation, either by refusing to appear for deposition, or by refusing to provide information that would permit the County properly to educate a witness outside of the Assessor's Office, this may be something the County President and Board of Commissioners could and should have considered and resolved before claiming millions in damages based on the Assessor's Office records. In any event, these political divisions must not hinder the Defendants' ability to defend against the County's damages claims. Therefore, if the County cannot produce a knowledgeable witness, the Court should strike the County's damage claim to the extent that it is based on diminished revenue from its residential real estate tax base. *See id.* (failure to produce a properly educated Rule 30(b)(6) witness is sanctionable under Rule

37(d)); *see also* FED. R. CIV. P. 37(d)(3) (permitting court to sanction party under Rule 37(b), which allows the Court to strike all or part of a pleading or dismiss the action in whole or in part).

> **B.    Defendants' Motion to Compel is still necessary as to topics 26, 28-29, and 32-35 because the County's past conduct shows that it will not produce knowledgeable witnesses to testify to those topics.**

Although the County now has offered to produce a witness to testify to topics 26, 28-29 and 32-35, Defendants' Motion to Compel is not moot because the abovementioned issue with the Assessor's Office makes it clear that the County may yet fail to produce witnesses who are knowledgeable on those topics based on unilateral refusals to participate by other offices.[2] The County's Response and its subsequent failure to produce a knowledgeable witness for the April 28, 2016 deposition make clear that this concern is more than plausible—such refusals have already occurred.[3] The County has also engaged in obstructionist behavior at every turn in scheduling these depositions: first, having refused to respond altogether initially; second, serving objections more than a month after the deposition was noticed, and then only because counsel

---

[2] Indeed, the reason the parties could not reach agreement on a joint stipulation that Defendants' motion was moot is because on April 26, 2016, Plaintiff sent a draft joint stipulation to Defendants stating that Plaintiff had offered dates, and Defendants sought to expressly include the full list of those dates and topics for each agreed-upon deposition as a condition of their agreement that there were no remaining issues as to those dates and topics. The parties had a call to discuss Defendants' edits, and it was during that call that Defendants first learned that no knowledgeable witness would be forthcoming for topics 23-25 and 31 on April 28, 2016.

[3] In fact, the County also recently failed to produce a witness knowledgeable on Topic 14, another topic on which the County had previously agreed to provide testimony. During a May 2 deposition, the witness presented as "most knowledgeable" on topics 12-14 demonstrated that she was woefully unqualified. She first testified that she had not spoken with any other County official or department beyond the County Recorder's Office to determine the County's knowledge as to topics 12-13, and she testified that she had no knowledge at all of the issues presented in Topic 14. May 2, 2016 Rule 30(b)(6) Dep. Rough Tr. at 11-14 and 60-62. Perhaps to deflect attention from the County's own failure to properly prepare its witness, the County's counsel was as obstreperous as possible during the deposition, repeatedly offering unnecessary speaking objections, and refusing to let defense counsel finish her questions before launching into combative screeds about whether or not the question was proper.

asked when they would be forthcoming; third, canceling three Rule 30(b)(6) depositions on very short notice, within a week of the date of each scheduled deposition; and fourth, then seeking to reschedule those depositions on dates inconvenient to Defendants and nearly a month later.[4] The County's conduct has therefore demonstrated that it is either unwilling or unable to produce knowledgeable witnesses in response to Defendants' Rule 30(b)(6) topics, even when dates for those depositions are agreed upon weeks in advance. To ensure that the County actually produces knowledgeable witnesses to testify to topics 26, 28-29 and 32-35, Defendants request an order compelling the County to do so.

## III. CONCLUSION

For the reasons above, and for the reasons set forth in their Brief, Defendants request the Court grant their Motion to Compel, and order the County to:

(1) Produce knowledgeable witnesses to testify to topics 23-26, and 31; and

(2) Order that Rule 30(b)(6) depositions take place on the following dates for the following topics:

   a. topics 26 and 32-35: May 25, 2016; and

---

[4] Defendants initially noticed a 30(b)(6) deposition on February 22, 2016 to occur on March 23, 2016. The County failed to respond in any way to this notice, forcing Defendants to reach out to the County on March 18, 2016 to discuss alternative deposition dates. The parties finally met and conferred about the noticed deposition for the first time on March 22, 2016. On April 6, 2016, after discussing deposition dates with the County on several occasions, the County specifically offered, and Defendants re-noticed 30(b)(6) depositions for some topics to occur on April 18 and April 21, 2016. But on April 15, 2016, the County asked Defendants to postpone both noticed depositions due to opposing counsel's illness. Defendants quickly agreed to do so as a courtesy, but noted that the deposition scheduled for April 21 needed to be rescheduled to April 27 to accommodate defense counsel's own scheduled paternity leave. While the County appeared to agree with this and thanked Defendants for the accommodation, four days later, the County's attorneys claimed that the witness was not available for deposition on April 27. As a result, that deposition since has been rescheduled to May 24, 2016—more than three months after it was first noticed, and a month later than the original agreed date.

      b.    topics 23-25, 28-29, and 31[5]: June 2, 2016.

Dated: May 3, 2016

Respectfully Submitted,

By: /s/ *Sabrina Rose-Smith*

Joel Erik Connolly
*econnolly@winston.com*
Ryan Marc Dunigan
*rdunigan@winston.com*
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601-9703
Tel.: (312) 558-5600
Fax: (312) 558-5700

Thomas M. Hefferon
*thefferon@goodwinprocter.com*
Sabrina M. Rose-Smith
*srosesmith@goodwinprocter.com*
Matthew S. Sheldon
*msheldon@goodwinprocter.com*
GOODWIN PROCTER LLP
901 New York, Avenue, N. W
Washington, DC 20001
(212) 346-4000

James W. McGarry
jmcgarry@goodwinprocter.com
GOODWIN PROCTER LLP
Exchange Place
Boston MA, 02109
(617) 570-1000

*Attorneys for Defendants*

---

[5] During the parties' ongoing meet and confers, the County has offered to produce Rule 30(b)(6) deponents for these dates, except that topics 23-25 and 31 were initially scheduled for April 28, 2016. But because the County failed to produce a knowledgeable witness on April 28, 2016, the County should be compelled to produce a knowledgeable witness on the same date as the County produces a witness to testify to topics 28 and 29. Each of those topics (23-25, 28-29, and 31) relate to the same general subject matter—the County's residential real estate tax assessment practices—so Defendants anticipate that a single witness can testify to those topics on June 2, 2016. Additionally, the parties have agreed on dates for the following other topics and dates: (1) topics 3-10, 15-16: May 24, 2016.

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 3, 2016, I caused a true and correct copy of the foregoing to be served upon counsel of record as of this date by electronic filing.

/s/ *Sabrina Rose-Smith*
One of the attorneys for Defendants