**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| COUNTY OF COOK,<br><br>                              Plaintiff,<br><br>                    v.<br><br>BANK OF AMERICA CORP., et al.,<br>                              Defendants. | No.  14 C 2280<br>Judge Elaine E. Bucklo<br>Magistrate Judge Mary M. Rowland |

**SUR-RESPONSE OF PLAINTIFF COUNTY OF COOK
TO DEFENDANTS' MOTION TO COMPEL**

Plaintiff County of Cook (the "County"), by counsel, files this sur-response to defendants' motion to compel, in accordance with this Court's minute order [Doc #137].

**ARGUMENT**

On May 6, 2016, this Court entered an order which asked the County to address defendants' contentions in their reply brief that "(1) Plaintiff failed to produce a witness that could testify to topics 23-25 and 31, (2) this action was brought on behalf of Cook County as a whole, which includes the Assessor's Office, and (3) topics 23-25 and 31 'indisputably relate' to Plaintiff's damage claims."  [Doc #137].  We address the three contentions in turn.

I.   **DEFENDANTS' CONTENTION THAT THE COUNTY FAILED TO PRODUCE A WITNESS THAT COULD TESTIFY TO TOPICS 23-25 AND 31 IS NOT CORRECT.**

On April 29, 2016, the County produced for deposition Justin Kirvan, Chief Deputy Counsel of the Cook County Treasurer's Office, as its most knowledgeable witness regarding topics 23-25, and 31.

In advance of the deposition, the County alerted defense counsel that Kirvan would be unable to speak to the Cook County Assessor's processes relating to property assessments; that the Assessor's Office was beyond plaintiff's control; and that testimony relating to property tax assessments would be best obtained by serving a Fed. R. Civ. P. 30(b)(6) subpoena on the Cook County Assessor.  As we explain in further detail below, in responding to defendants' second assertion, the Cook County Assessor's Office is separate and independent of plaintiff, and only "reasonably available to [plaintiff]," Fed. R. Civ. P. 30(b)(6), to the extent that that Office voluntarily cooperates.[1]

Nevertheless, Kirvan was the person most knowledgeable regarding the noticed topics within the County's control, which is sufficient to discharge the County's obligations under Fed. R. Civ. P. 30(b)(6).

## II. DEFENDANTS' CONTENTION THAT THIS ACTION WAS BROUGHT ON BEHALF OF THE COUNTY AS A WHOLE, INCLUDING THE ASSESSOR'S OFFICE, IS NOT CORRECT.

This action was not brought on behalf of the Cook County Assessor's Office. It was brought on behalf of the County of Cook, which enjoys a legal existence independent of separately-elected County-level officials, as we have previously urged.  [See Doc #96 at p.10 (advancing the position that the County should not be

---

[1]      Consistent with Fed. R. Civ. P. 30(b)(6) and Fed. R. Civ. P. 34, the County has sought cooperation from separately-elected County officials and produced witnesses and documents from departments that voluntarily cooperate, as all but the Assessor's Office have done.  Indeed, Kirvan was only within the County's control because the Cook County Treasurer's Office cooperated, and thus the information known to him was "reasonably available" to the County.  Fed. R. Civ. P. 30(b)(6).

defined to include independent governmental entities)]. To be clear, these separate offices are funded out of the County's general revenues. *See*, *e.g.*, *Pucinski v. County of Cook*, 737 N.E.2d 225, 228 (Ill. 2000) (explaining that "operations of the circuit clerks' offices are paid for by the counties" through "payments made from the county treasuries on behalf of the clerks' offices"). Accordingly, damages sustained by separately-elected County-level officials belong to the County and said damages are paid from the County treasury. Moreover, it is important to further note that the County seeks no damages in this case related to its costs of funding the Assessor's Office. This fact should of itself result in the denial of defendants' motion.

Additionally, defendants' contention that "the Assessor's Office *is part of the County*" [Doc #133 at p.4 (emphasis in original)] reflects a misunderstanding of the structure of County government. In Illinois, counties, including home-rule units like Cook County, must by law provide for the election of certain offices that, because they are state-created and perform some state functions, are not mere arms of county government. *See*, *e.g.*, *Lily v. County of Cook*, 377 N.E.2d 136, 141-42 (Ill. App. Ct. 1st Dist. 1978) (county commission created by state statute "was something more than a mere department of County government"). The State Constitution requires counties to provide for the election of a sheriff, county clerk, and treasurer, and may provide for the election of an assessor and recorder among others, with duties prescribed by state law. *See*, *e.g.*, 35 ILCS 200/3-45 (the Illinois Property Tax Code, addressing duties of county assessor offices); 5 ILCS 3/3-1 (the Counties

3

Code, addressing  duties of the Recorder, among others); Ill. Const. art. VII, § 4(c).

Though the County has the authority to fund the separately-elected officials,

separately-elected officials, like the Assessor, enjoy a separate legal existence from

the County itself.  This structure is notably distinct from the relationship between

municipal corporations like the City of Chicago and their departments.  *Cf.,*

*Ferguson v. Patton*, 2013 IL 112488, ¶ 30 (department of City of Chicago did not

enjoy separate legal existence).  Indeed, County officials have standing and capacity

to sue each other by virtue of their independent legal existence.  *See, e.g., Pucinski,*

737 N.E.2d 225.

In sum, this action was brought by plaintiff County of Cook on behalf of

plaintiff County of Cook, and not on behalf of separately-elected officials; the

County funds the separately-elected officials, and is the real party in interest here.

Again, the County seeks no damages relating to the Assessor's Office.  The County

will continue to comply with its discovery obligations by producing witnesses and

information within its custody and control.

## III.   DEFENDANTS ARE NOT PREJUDICED BECAUSE THEY CAN SUBPOENA THE DISCOVERY THEY SEEK RELATING TO TOPICS 23-25 AND 31.

Topics 23-25 and 31 relate to the damages sought in the County's complaint,

and defendants are entitled to conduct discovery on them.  We suggest this be done

by serving a subpoena on the Cook County Assessor's Office, which is clearly the

legal entity best placed to speak to the assessment of property values within the

County.  Any witness or information produced on the question of assessment of

property values by plaintiff County of Cook, without cooperation of the Cook County

Assessor's Office, will be less helpful to the litigants than what could be obtained by

subpoena to that separate and independent legal entity.

<div style="margin-left:40%">

Respectfully submitted,

**ANITA ALVAREZ,**
**STATE'S ATTORNEY OF COOK**
**COUNTY**

By:   <u>/s/ John K. Kennedy</u>
**JAMES D. MONTGOMERY, SR.**
**JOHN K. KENNEDY**
**DANIEL A. DAILEY**
JAMES D. MONTGOMERY & ASSOCIATES, LTD.
One North LaSalle Street, Suite 2450
Chicago, IL 60602
(312) 977-0200

**JAMES M. EVANGELISTA** (pro hac vice)
**JEFFREY R. HARRIS** (pro hac vice)
**DARREN W. PENN** (pro hac vice)
**DAVID J. WORLEY** (pro hac vice)
HARRIS PENN LOWRY LLP
400 Colony Square, Suite 900
1201 Peachtree Street, NE
Atlanta, GA 30361
(404) 961-7650
Special Assistant States Attorneys.

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of May, 2016, I electronically filed the foregoing sur-response with the Clerk of Court of the United States District Court for the Northern District of Illinois by using the CM/ECF system.  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ John K. Kennedy, Attorney
John K. Kennedy, Attorney