UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**COUNTY OF COOK,**

    **Plaintiff,**

    v.

**BANK OF AMERICA CORP., et al.,**

    **Defendants.**

No. 14 C 2280

Magistrate Judge Mary M. Rowland

## ORDER

On September 8, 2015, Plaintiff filed a motion to compel production of documents. (Dkt. 78). On October 22, 2015, the district court denied the motion to compel without prejudice, and referred the case to Judge Rowland for discovery supervision. In a Joint Report Regarding Outstanding Discovery Disputes (Dkt. 120) filed April 11, 2016, the parties indicated that Plaintiff's Requests for Production 16-23, 24-39 and 55, raised in its September 8, 2015 motion to compel, are still in dispute. For the reasons stated below, Plaintiff's request to compel the production of these requests for production is denied without prejudice.

## STATEMENT

### Requests for Production 16-23: Policies and Procedures.

Plaintiff seeks policies and procedures encompassing 41 different topics concerning Mortgage Loan Origination Operations, Wholesale Mortgage Lending Operations, Community Reinvestment Act Residential Mortgage Lending Operations, and Residential Mortgage Loan Servicing Operations. (Dkt. 78-3 at 22). Plaintiff additionally seeks that for each policy or procedure, Defendants produce all documents related to compliance and training.

Defendants produced policies on September 4, 2015, and indicate they have made rolling productions that include additional policies and procedures, with the last production on February 2016. (Dkt. 120 at 28). Defendants have produced underwriting policies, compliance plans, fair lending policies and procedures, appraisal policies, referral policies, compensation policies, and foreclosure and default servicing policies and procedures from 2004 forward. (*Id.*; 5/18/2016 hearing). Defendants argue that Plaintiff requests a generic demand for documents, and has failed to identify a single policy or procedure document it still needs. Plaintiff's Requests for Production 16-23 are denied without prejudice. This ruling does not foreclose Plaintiff from serving a more targeted request for production of specific policies relevant to the claims at issue in the case.

**Requests for Production 24-39, 55: Compliance & Control Documents and Board Reports and Minutes.**

 Plaintiff requests all Board reports and all internal control and compliance function reports regarding steering and discrimination practices; chronology logs tracking internal and external changes affecting lending operations; documents identifying employees who monitor, review, and report on credit scoring policies; enterprise risk and analysis; FHA violations; compliance with recommendations from supervisory authorities concerning mortgage lending; how management is affected by influence or authority; and compensation policies. Plaintiff also requests all Board minutes, handouts, and board packages for each Defendant's board of directors, and communications by or with board members about any violations of fair lending policies and procedures and other compliance policies.[1]

 Defendants have offered to search for specific compliance documents and asked the County to be specific about what Board information, if any, it is seeking. (Dkt. 120 at 28). However, Defendants assert this broad request is overly burdensome. Plaintiff has failed to refine its request. While the Court agrees that compliance documents are relevant, a sweeping request covering a four-year period is overly burdensome. In support of their argument, Defendants have submitted a declaration of Robert Daniel noting that it would take "an additional one hundred or more man hours to just collect the additional data" for residential mortgage loan data during the eight-year period. (Dkt. 84-2 at 4). With respect to the board materials, Defendants submitted a declaration of Christine Costamagna who estimated collecting the Board of Directors meeting material for the 2000-2008 period would implicate at least 1,000-1,500 documents, and avers that board meeting materials are stored in offsite storage and would have to be scanned and could take hundreds of man hours to collect, not including review and production time. (Dkt. 84-3 at 3-4).[2]

 Defendants have expressed a willingness to work with Plaintiff, but an overly broad, sweeping request is not appropriate. Plaintiff's Requests for Production 24-39 and 55 are denied without prejudice. This ruling does not prevent Plaintiff from requesting specific compliance reports or reports on specific topics or Board materials concerning specific subjects relevant to this lawsuit.

Dated: May 19, 2016                *Mary M Rowland*

---

[1] This is not an exhaustive list and merely a summary of Plaintiff's requests.
[2] Mr. Daniel and Ms. Costamagna use the time frame 2000–2008. The Court has since limited the scope to 2004–2008 for electronic information (Dkt. 108), and takes that into consideration when reviewing the affidavits.