## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| COUNTY OF COOK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BANK OF AMERICA CORPORATION, | ) | Case No. 14-cv-2280 |
| BANK OF AMERICA, N.A., | ) | |
| COUNTRYWIDE FINANCIAL | ) | Honorable Elaine E. Bucklo |
| CORPORATION, | ) | |
| COUNTRYWIDE HOME LOANS, INC., | ) | Magistrate Judge Mary M. Rowland |
| COUNTRYWIDE BANK, FSB, | ) | |
| COUNTRYWIDE WAREHOUSE LENDING, | ) | |
| LLC, BAC HOME LOANS SERVICING, LP, | ) | |
| MERRILL LYNCH & CO., INC., MERRILL | ) | |
| LYNCH MORTGAGE CAPITAL INC., and | ) | |
| MERRILL LYNCH MORTGAGE LENDING, | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

## NON-PARTY HEAVNER, BEYERS & MIHLAR, LLC'S OBJECTIONS TO PLAINTIFF'S SUBPOENA TO PRODUCE DOCUMENTS

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Non-Party Heavner, Beyers & Mihlar, LLC ("Recipient") hereby provides the following objections to the subpoena dated March 29, 2019, issued by Plaintiff County of Cook's ("Plaintiff" or "the County") in the above-referenced action ("the Subpoena"). Based on the objections stated herein, Recipient will not produce any documents in response to the Subpoena. Recipient is willing to meet and confer with counsel for Plaintiff to discuss these objections, provided that the meet and confer be scheduled so that all Defendants' counsel can attend.

## INITIAL OBJECTIONS

These Initial Objections are collected in one place for convenience only, so that objections that are generally applicable are not presented repeatedly. These Initial Objections are asserted in response to each Request:

1.     Recipient objects to the County's "Instructions," "Definitions" and each and every Request because they seek to impose obligations or demands beyond those required by the Federal Rules of Civil Procedure and the applicable Local Civil Rules of the United States District Court for the Northern District of Illinois ("Local Rules").

2.     Recipient objects to each Request as overly broad, unduly burdensome, and not proportional to the needs of the case because they seek documents or information that are not tailored to the allegations in the Second Amended Complaint, and are not relevant to the claims or defenses of any party in this action.

3.     Recipient objects to each Request as disproportional to the litigation because the Court limited the types of damages Plaintiff could recover to those related to out-of-pocket foreclosure administration and processing costs. *See* ECF No. 204.  Therefore, the apparent substantial undertaking required to investigate and respond to this Request is not warranted.

4.     Recipient objects to each Request as inconsistent with the Procedures for Complex or Protracted Discovery (*see* Local Rule 16.1.3), insofar as Plaintiff does not have a Court-approved discovery plan that provides for non-party discovery.

5.     Recipient objects to each Request because the County has not taken "reasonable steps to avoid imposing undue burden or expense" on Recipient.  *See* Fed. R. Civ. P. 45(d)(1).

6.     Recipient objects to each Request as overly broad and unduly burdensome because they seek documents concerning borrowers outside of Cook County, Illinois, and

documents that do not relate to or otherwise impact Defendants' operations in Cook County, Illinois, which are not relevant to the claims or defenses alleged in this case.

7.     Recipient objects to each Request to the extent it seeks documents or information protected from disclosure by the attorney-client privilege, the work product doctrine, or other recognized privilege or protection.   To the extent a Request can be construed as seeking documents or information subject to any such privilege or protection, Recipient hereby claims such attorney-client privilege or invokes the work product protection or other applicable privilege or protection.   Further, to the extent a Request can be construed as seeking documents or information subject to any such privilege or protection, Recipient is obligated to protect the same from disclosure and hold inviolate its client's confidences.

8.     Recipient objects to each Request to the extent that it seeks production of documents that are readily available from public sources, or that it is duplicative of information that can be obtained directly from the parties to this action.   It is unreasonable, unduly burdensome, and unnecessarily expensive to seek those same documents from a non-party.   Rule 26(b)(2)(C)(i) of the Federal Rules of Civil Procedure requires that the subpoena be quashed or modified as it demands information that can be "[o]btained from some other source that is more convenient, less burdensome, or less expensive."   *See Tresona Multimedia, LLC v. Legg*, 2015 WL 4911093, at *3 (N.D. Ill. Aug. 17, 2015) ("A non-party subpoena seeking information that is readily available from a party through discovery may be quashed as duplicative or cumulative." (internal citations omitted)).

9.     Recipient objects to each Request to the extent that it seeks documents or information in the possession, custody, or control of individuals or entities other than Recipient.

10.     Recipient objects to each Request to the extent that it is vague, ambiguous, and does not identify with particularity the information or documents sought.

11.     Recipient objects to each Request to the extent that it calls for Recipient to generate information that is not or was not generated in the ordinary course of business, and/or does not already exist.

## OBJECTIONS TO INSTRUCTIONS

1.     Recipient objects to Instruction No. 1 to the extent it purports to require production of documents not in Recipient's possession, custody, or control, and to the extent it seeks to impose obligations and demands upon Recipient beyond those required by the Federal Rules of Civil Procedure and Local Rules.

2.     Recipient objects to Instruction No. 2 insofar as the County requests that documents produced electronically be produced in a format inconsistent with the Agreed Order regarding Production of Documents and Electronically Stored Information entered on September 11, 2015, or otherwise inconsistent with legal requirements.

3.     Recipient objects to Instruction No. 3 insofar as the County purports to impose additional burdens on Recipient beyond those required by Fed. R. Civ. P. 26(b)(5).

4.     Recipient objects to Instruction No. 4 to the extent it purports to require production of documents not in Recipient's possession, custody, or control. To the extent any Request is unclear, the County must resolve the ambiguity.

5.     Recipient objects to Instruction No. 5 regarding Plaintiff's instruction to interpret terminology that is specific to "the mortgage lending, securitization and/or servicing industry . . . consistent with its industry meaning" as the instruction is vague and ambiguous because it does not adequately explain what is meant and what qualifies as "industry meaning."

6.      Recipient objects to Instruction No. 6 insofar as the County requests that documents outside of the period from January 1, 2004, to December 31, 2014.

## OBJECTIONS TO DEFINITIONS

1.      Recipient objects to the County's definition of the term "Communication" as overly broad, unduly burdensome, and not proportional to the needs of the case, as presently limited, because the definition is without limitation or regard to the likelihood that any relevant evidence would exist in any of the forms identified.  Recipient further objects to the definition to the extent that the County intends for it to be broader than, or inconsistent with, that provided for under Rule 34 of the Federal Rules of Civil Procedure.

2.      Recipient objects to the County's definition of the term "Document" as overly broad, unduly burdensome, and not proportional to the needs of the case, as presently limited, because the definition is without limitation or regard to the likelihood that any relevant evidence would exist in any of the forms identified.  Recipient further objects to the definition to the extent that the County intends for it to be broader than, or inconsistent with, that provided for under Rule 34 of the Federal Rules of Civil Procedure.

3.      Recipient objects to the County's definition of the term "Bank of America" as overly broad, unduly burdensome, and not proportional to the needs of this case, as presently limited, because, among other reasons: (1) the definition includes Bank of America Corporation, Countrywide Financial Corporation, and Merrill Lynch & Co., Inc. which are holding companies that did not make or purchase any loans; and (2) these terms as defined include legal entities other than the named Defendants.  Recipient will interpret "Bank of America" to mean the named Defendants (other than BAC, CFC, and Merrill Lynch & Co.).

4.      Recipient objects to the County's definition of the term "Countrywide" as overly broad, unduly burdensome, and not proportional to the needs of this case, as presently limited,

because, among other reasons: (1) the definition includes Bank of America Corporation and Countrywide Financial Corporation, Inc. which are holding companies that did not make or purchase any loans; (2) the term as defined includes legal entities other than the named Defendants; and (3) the term as defined is vague and ambiguous because it is duplicative of other defined terms in the Requests, including the definition of "Bank of America." Recipient will interpret "Countrywide" to mean the Countrywide Defendants (other than CFC).

5.     Recipient objects to the County's definition of the term "Mortgage Loan Origination Operations" as overly broad and vague, as "pre-screened solicitation and marketing activities," "loan product term setting," "override monitoring," "pre-closing activities," "testing and portfolio management," and "all coordination activities," among others, are undefined, not relevant to the claims or defenses of any party in this action, and otherwise vague and ambiguous.

6.     Recipient objects to the County's definition of the term "Mortgage Loan Securitization Operations" as overly broad and vague, as "loan asset transfer," "custodial services," and "all coordination activities," among others, are undefined, not relevant to the claims or defenses of any party in this action, and otherwise vague and ambiguous.

7.     Recipient objects to the County's definition of the terms "Relating to," "referring to," "regarding," and "with respect to" as overly broad, unduly burdensome, vague, and ambiguous. The application of this definition to the Requests renders each of the Requests that include it deficient to the extent they fail to describe the documents sought with reasonable particularity.

8.     Recipient objects to the County's definition of the term "Residential Mortgage Loan Servicing Operations" as overly broad and vague, as "entire residential mortgage loan

servicing operations" and "reporting," among others, are undefined and otherwise vague and ambiguous. Recipient further objects to the extent that Plaintiff attempts to include "all internal control and compliance activities" when that term is defined elsewhere. Recipient further objects that this definition could implicate privileged material in so much as it could call for information provided to regulators that is shielded from discovery by statute.

9.     Recipient objects to the County's definition of the term "Wholesale Mortgage Lending Operations" as overly broad and vague, as "entire wholesale lending process," "dissemination of pricing and underwriting standards," and "monitoring of loan quality and compliance," among others, are undefined and otherwise vague and ambiguous. Recipient further objects that this definition could implicate privileged material in so much as it could call for information provided to regulators that is shielded from discovery by statute.

## DOCUMENT REQUESTS NOS. 1–14

Recipient incorporates its Initial Objections, Objections to Instructions, and Objections to Definitions in responding to each specific Request, as if fully set forth therein.

**Request No. 1:**

Produce all communications You had with Bank of America and Countrywide borrowers relating to foreclosures.

**Response to Request No. 1:**

In addition to the foregoing Initial Objections, Objections to Instructions, and Objections to Definitions, Recipient objects to Request No. 1 on the grounds that:

- The phrase "all communications You had with Bank of America and Countrywide borrowers relating to foreclosures" is vague and ambiguous and fails to identify the documents sought with sufficient particularity as required by Federal Rule of Civil Procedure 34(b)(1)(A).

- The Request is overly broad, unduly burdensome, and disproportional to the litigation because "all communications [Recipient] had with Bank of America and Countrywide borrowers relating to foreclosures," if any, are not relevant to the factual or legal issues raised by Plaintiff's Second Amended Complaint.

- The Request is overly broad, unduly burdensome, and disproportional to the litigation because "all communications [Recipient] had with Bank of America and Countrywide borrowers relating to foreclosures," if any, are not relevant to the alleged practices of implementing an "equity stripping scheme" and "high cost and subprime loans" that form the basis of Plaintiff's allegations, and because it improperly seeks discovery about the Defendants' mortgage lending operations unrelated to loans made to minority borrowers that Plaintiff alleges violated the FHA.

- The Request is overly broad, unduly burdensome, cumulative, duplicative, and disproportional to the litigation to the extent the documents or information sought can be obtained directly from the parties to this action. *See*, *e.g.*, *Ameritox, Ltd. v. Millennium Labs., Inc.*, No. 12-cv-7493, 2012 WL 6568226 (N.D. Ill. Dec. 14, 2012) (granting motion to quash non-party subpoena because "the requests are cumulative and duplicative of discovery requests made to the party to the litigation").

No documents will be produced in response to this Request.


**Request No. 2:**

Produce all court filings and deposition transcripts relating to Bank of America and Countrywide's 1-4 family residential mortgage loans, home equity loans, and/ or home equity line of credit products.

**Response to Request No. 2:**

In addition to the foregoing Initial Objections, Objections to Instructions, and Objections to Definitions, Recipient objects to Request No. 2 on the grounds that:

- Recipient objects to this Request to the extent the documents sought reflect privileged information protected from discovery by the attorney-client privilege, the work product doctrine, and/or other privilege or protection recognized under the Federal Rules of Civil Procedure.

- The phrase "all court filings and deposition transcripts relating to Bank of America and Countrywide's 1-4 family residential mortgage loans, home equity loans, and/ or home equity line of credit products" is vague and ambiguous and fails to identify the documents sought with sufficient particularity as required by Federal Rule of Civil Procedure 34(b)(1)(A).

- The Request is overly broad, unduly burdensome, and disproportional to the litigation because "all court filings and deposition transcripts relating to Bank of America and Countrywide's 1-4 family residential mortgage loans, home equity loans, and/ or home equity line of credit products" are not relevant to the factual or legal issues raised by Plaintiff's Second Amended Complaint.

- The Request is overly broad, unduly burdensome, and disproportional to the litigation because "all court filings and deposition transcripts" sought are not relevant to the alleged practices of implementing an "equity stripping scheme" and "high cost and subprime loans" that form the basis of Plaintiff's allegations, and because it improperly seeks discovery about the Defendants' mortgage lending operations unrelated to loans made to minority borrowers that Plaintiff alleges violated the FHA.

- The Request is overly broad, unduly burdensome, cumulative, duplicative, and disproportional to the litigation to the extent the documents or information sought can be obtained directly from the parties to this action. *See, e.g.*, *Ameritox, Ltd. v. Millennium Labs., Inc.*, No. 12-cv-7493, 2012 WL 6568226 (N.D. Ill. Dec. 14, 2012) (granting motion to quash non-party subpoena because "the requests are cumulative and duplicative of discovery requests made to the party to the litigation").

- The Request is overly broad, unduly burdensome, and disproportional to the litigation insofar as it purports to require the production of documents which are either subject to Protective Orders entered by Courts in other actions or which are publicly available and thus no more burdensome for Plaintiff to locate than Recipient.

No documents will be produced in response to this Request.

**Request No. 3:**

Produce a copy of each foreclosure practice, policy, policy manual and/ or procedure that Bank of America and/ or Countrywide directed You to implement in connection with Bank of America and Countrywide borrowers' foreclosures.

**Response to Request No. 3:**

In addition to the foregoing Initial Objections, Objections to Instructions, and Objections to Definitions, Recipient objects to Request No. 3 on the grounds that:

- Recipient objects to this Request because it seeks privileged information protected from discovery by the attorney-client privilege, the work product doctrine, and/or other privilege or protection recognized under the Federal Rules of Civil Procedure.

- The phrase "foreclosure practice, policy, policy manual and/ or procedure that Bank of America and/ or Countrywide directed You to implement in connection with Bank of America and Countrywide borrowers' foreclosures" is vague and ambiguous and fails to identify the documents sought with sufficient particularity as required by Federal Rule of Civil Procedure 34(b)(1)(A).

- The Request is overly broad, unduly burdensome, and disproportional to the litigation because "each foreclosure practice, policy, policy manual and/ or procedure" requested is

not relevant to the factual or legal issues raised by Plaintiff's Second Amended Complaint.

- The Request is overly broad, unduly burdensome, and disproportional to the litigation because "each foreclosure practice, policy, policy manual and/ or procedure" sought is not relevant to the alleged practices of implementing an "equity stripping scheme" and "high cost and subprime loans" that form the basis of Plaintiff's allegations, and improperly seeks discovery about the Defendants' mortgage lending operations unrelated to loans made to minority borrowers that Plaintiff alleges violated the FHA.

- The Request is overly broad, unduly burdensome, cumulative, duplicative, and disproportional to the litigation to the extent the documents or information sought can be obtained directly from the parties to this action. *See, e.g., Ameritox, Ltd. v. Millennium Labs., Inc.*, No. 12-cv-7493, 2012 WL 6568226 (N.D. Ill. Dec. 14, 2012) (granting motion to quash non-party subpoena because "the requests are cumulative and duplicative of discovery requests made to the party to the litigation").

- The Request is overly broad, unduly burdensome, and disproportional to the litigation insofar as the discovery requested is publicly available and thus no more burdensome for Plaintiff to locate than Recipient.

No documents will be produced in response to this Request.

**Request No. 4:**

Produce all retention and/or scope of work agreements with Bank of America and/or Countrywide to the extent related to mortgage lending, servicing, and/or foreclosure, including compliance with fair housing and/or fair lending laws.

**Response to Request No. 4:**

In addition to the foregoing Initial Objections, Objections to Instructions, and Objections to Definitions, Recipient objects to Request No. 4 on the grounds that:

- Recipient objects to this Request because the documents sought reflect privileged information protected from discovery by the attorney-client privilege, the work product doctrine, and/or other privilege or protection recognized under the Federal Rules of Civil Procedure.

- The phrase "all retention and/or scope of work agreements with Bank of America and/or Countrywide to the extent related to mortgage lending, servicing, and/or foreclosure, including compliance with fair housing and/or fair lending laws" is vague and ambiguous and fails to identify the documents sought with sufficient particularity as required by Federal Rule of Civil Procedure 34(b)(1)(A).

- The Request is overly broad, unduly burdensome, and disproportional to the litigation because "retention and/or scope of work agreements" are not relevant to the factual or legal issues raised by Plaintiff's Second Amended Complaint.

- The Request is overly broad, unduly burdensome, and disproportional to the litigation because "retention and/or scope of work agreements" are not relevant to the alleged practices of implementing an "equity stripping scheme" and "high cost and subprime loans" that form the basis of Plaintiff's allegations, and improperly seeks discovery about the Defendants' mortgage lending operations unrelated to loans made to minority borrowers that Plaintiff alleges violated the FHA.

- The Request is overly broad, unduly burdensome, cumulative, duplicative, and disproportional to the litigation to the extent the documents or information sought can be obtained directly from the parties to this action. *See, e.g., Ameritox, Ltd. v. Millennium Labs., Inc.*, No. 12-cv-7493, 2012 WL 6568226 (N.D. Ill. Dec. 14, 2012) (granting motion to quash non-party subpoena because "the requests are cumulative and duplicative of discovery requests made to the party to the litigation").

No documents will be produced in response to this Request.


**Request No. 5:**

Produce all documents concerning Bank of America and/or Countrywide's policies, practices, and/or procedures regarding the origination, funding, underwriting, securitization and sale, foreclosure operation and/or servicing of loans.

**Response to Request No. 5:**

In addition to the foregoing Initial Objections, Objections to Instructions, and Objections to Definitions, Recipient objects to Request No. 5 on the grounds that:

- Recipient objects to this Request because the documents sought reflect privileged information protected from discovery by the attorney-client privilege, the work product doctrine, and/or other privilege or protection recognized under the Federal Rules of Civil Procedure.

- The phrase "all documents concerning Bank of America and/or Countrywide's policies, practices, and/or procedures regarding the origination, funding, underwriting, securitization and sale, foreclosure operation and/or servicing of loans" is vague and ambiguous and fails to identify the documents sought with sufficient particularity as required by Federal Rule of Civil Procedure 34(b)(1)(A).

- The Request is overly broad, unduly burdensome, and disproportional to the litigation because it seeks "policies, practices, and/or procedures" that are not relevant to the factual or legal issues raised by Plaintiff's Second Amended Complaint.

- The Request is overly broad, unduly burdensome, and disproportional to the litigation because "all . . . policies, practices, and/or procedures" sought are not relevant to the alleged practices of implementing an "equity stripping scheme" and "high cost and subprime loans" that form the basis of Plaintiff's allegations, and the Request improperly seeks discovery about the Defendants' mortgage lending operations unrelated to loans made to minority borrowers that Plaintiff alleges violated the FHA.

- The Request is overly broad, unduly burdensome, cumulative, duplicative, and disproportional to the litigation to the extent the documents or information sought can be obtained directly from the parties to this action. *See, e.g., Ameritox, Ltd. v. Millennium Labs., Inc.*, No. 12-cv-7493, 2012 WL 6568226 (N.D. Ill. Dec. 14, 2012) (granting motion to quash non-party subpoena because "the requests are cumulative and duplicative of discovery requests made to the party to the litigation").

No documents will be produced in response to this Request.


**Request No. 6:**

Produce all documents sufficient to identify each statement made to You by Bank of America and/or Countrywide regarding the cause of borrower defaults or delinquencies.

**Response to Request No. 6:**

In addition to the foregoing Initial Objections, Objections to Instructions, and Objections to Definitions, Recipient objects to Request No. 6 on the grounds that:

- Recipient objects to this Request because the documents sought reflect privileged information protected from discovery by the attorney-client privilege, the work product doctrine, and/or other privilege or protection recognized under the Federal Rules of Civil Procedure.

- The phrase "all documents sufficient to identify each statement made to You by Bank of America and/or Countrywide regarding the cause of borrower defaults or delinquencies" is vague and ambiguous and fails to identify the documents sought with sufficient particularity as required by Federal Rule of Civil Procedure 34(b)(1)(A).

- The Request is overly broad, unduly burdensome, and disproportional to the litigation because "all documents . . . regarding the cause of borrower defaults or delinquencies," if any, are not relevant to the factual or legal issues raised by Plaintiff's Second Amended Complaint.

- The Request is overly broad, unduly burdensome, and disproportional to the litigation because "all documents . . . regarding the cause of borrower defaults or delinquencies," if any, are not relevant to the alleged practices of implementing an "equity stripping scheme" and "high cost and subprime loans" that form the basis of Plaintiff's allegations,

and because it improperly seeks discovery about the Defendants' mortgage lending operations unrelated to loans made to minority borrowers that Plaintiff alleges violated the FHA.

- The Request is overly broad, unduly burdensome, cumulative, duplicative, and disproportional to the litigation to the extent the documents or information sought can be obtained directly from the parties to this action. *See, e.g., Ameritox, Ltd. v. Millennium Labs., Inc.*, No. 12-cv-7493, 2012 WL 6568226 (N.D. Ill. Dec. 14, 2012) (granting motion to quash non-party subpoena because "the requests are cumulative and duplicative of discovery requests made to the party to the litigation").

- The Request is overly broad, unduly burdensome, and disproportional to the litigation insofar as the discovery requested is publicly available and thus no more burdensome for Plaintiff to locate than Recipient.

No documents will be produced in response to this Request.


**Request No. 7:**

Produce all documents relating to Bank of America and Countrywide's Mortgage Loan Origination Operations, Mortgage Loan Securitization Operations, Residential Mortgage Loan Servicing Operations and Wholesale Mortgage Lending Operations.

**Response to Request No. 7:**

In addition to the foregoing Initial Objections, Objections to Instructions, and Objections to Definitions, Recipient objects to Request No. 7 on the grounds that:

- Recipient objects to this Request because the documents sought reflect privileged information protected from discovery by the attorney-client privilege, the work product doctrine, and/or other privilege or protection recognized under the Federal Rules of Civil Procedure.

- The terms "Mortgage Loan Origination Operations, Mortgage Loan Securitization Operations, Residential Mortgage Loan Servicing Operations and Wholesale Mortgage Lending Operations" are vague and ambiguous and fail to identify the documents sought with sufficient particularity as required by Federal Rule of Civil Procedure 34(b)(1)(A).

- The Request is overly broad, unduly burdensome, and disproportional to the litigation because "all documents relating to Bank of America and Countrywide's Mortgage Loan Origination Operations, Mortgage Loan Securitization Operations, Residential Mortgage Loan Servicing Operations and Wholesale Mortgage Lending Operations," if any, are not relevant to the factual or legal issues raised by Plaintiff's Second Amended Complaint.

- The Request is overly broad, unduly burdensome, and disproportional to the litigation because "all documents relating to Bank of America and Countrywide's Mortgage Loan

Origination Operations, Mortgage Loan Securitization Operations, Residential Mortgage Loan Servicing Operations and Wholesale Mortgage Lending Operations," if any, are not relevant to the alleged practices of implementing an "equity stripping scheme" and "high cost and subprime loans" that form the basis of Plaintiff's allegations, and because it improperly seeks discovery about the Defendants' mortgage lending operations unrelated to loans made to minority borrowers that Plaintiff alleges violated the FHA.

- The Request is overly broad, unduly burdensome, cumulative, duplicative, and disproportional to the litigation to the extent the documents or information sought can be obtained directly from the parties to this action. *See*, *e.g.*, *Ameritox, Ltd. v. Millennium Labs., Inc.*, No. 12-cv-7493, 2012 WL 6568226 (N.D. Ill. Dec. 14, 2012) (granting motion to quash non-party subpoena because "the requests are cumulative and duplicative of discovery requests made to the party to the litigation").

No documents will be produced in response to this Request.

**Request No. 8:**

Produce all communications You had with the County of Cook, including all agents, employees, officers, managers and Persons, relating to Bank of America or Countrywide foreclosures.

**Response to Request No. 8:**

In addition to the foregoing Initial Objections, Objections to Instructions, and Objections to Definitions, Recipient objects to Request No. 8 on the grounds that:

- The Request is harassing, overly broad, unduly burdensome, and disproportional to the litigation because it seeks it seeks documents or information that are equally available to Cook County and thus no more burdensome for Plaintiff to locate than Recipient.

- The phrase "all communications . . . relating to Bank of America or Countrywide foreclosures" is vague and ambiguous and fails to identify the documents sought with sufficient particularity as required by Federal Rule of Civil Procedure 34(b)(1)(A).

- The Request is overly broad, unduly burdensome, and disproportional to the litigation because "all communications [Recipient] had with the County of Cook . . . relating to Bank of America or Countrywide foreclosures," if any, are not relevant to the factual or legal issues raised by Plaintiff's Second Amended Complaint.

- The Request is overly broad, unduly burdensome, and disproportional to the litigation because "all communications . . . with the County of Cook . . . relating to Bank of America or Countrywide foreclosures," if any, are not relevant to the alleged practices of implementing an "equity stripping scheme" and "high cost and subprime loans" that form the basis of Plaintiff's allegations, and because it improperly seeks discovery about the

Defendants' mortgage lending operations unrelated to loans made to minority borrowers that Plaintiff alleges violated the FHA.

- The Request is overly broad, unduly burdensome, cumulative, duplicative, and disproportional to the litigation to the extent the documents or information sought can be obtained directly from the parties to this action. *See*, *e.g.*, *Ameritox, Ltd. v. Millennium Labs., Inc.*, No. 12-cv-7493, 2012 WL 6568226 (N.D. Ill. Dec. 14, 2012) (granting motion to quash non-party subpoena because "the requests are cumulative and duplicative of discovery requests made to the party to the litigation").

No documents will be produced in response to this Request.


**Request No. 9:**

Produce all communications You had with the County of Cook Sheriff's Office with respect to service of summonses, evictions, foreclosure property sales and payment of fees relating to Bank of America or Countrywide foreclosures.

**Response to Request No. 9:**

In addition to the foregoing Initial Objections, Objections to Instructions, and Objections to Definitions, Recipient objects to Request No. 9 on the grounds that:

- The Request is harassing, overly broad, unduly burdensome, and disproportional to the litigation because it seeks it seeks documents or information that are equally available to Cook County and thus no more burdensome for Plaintiff to locate than Recipient.

- The phrase "all communications You had with the County of Cook Sheriff's Office with respect to service of summonses, evictions, foreclosure property sales and payment of fees relating to Bank of America or Countrywide foreclosures" is vague and ambiguous and fails to identify the documents sought with sufficient particularity as required by Federal Rule of Civil Procedure 34(b)(1)(A).

- The Request is overly broad, unduly burdensome, and disproportional to the litigation because "all communications [Recipient] had with the County of Cook Sheriff's Office . . . relating to Bank of America or Countrywide foreclosures," if any, are not relevant to the factual or legal issues raised by Plaintiff's Second Amended Complaint.

- The Request is overly broad, unduly burdensome, and disproportional to the litigation because "all communications [Recipient] had with the County of Cook Sheriff's Office . . . relating to Bank of America or Countrywide foreclosures," if any, are not relevant to the alleged practices of implementing an "equity stripping scheme" and "high cost and subprime loans" that form the basis of Plaintiff's allegations, and because it improperly seeks discovery about the Defendants' mortgage lending operations unrelated to loans made to minority borrowers that Plaintiff alleges violated the FHA.

- The Request is overly broad, unduly burdensome, cumulative, duplicative, and disproportional to the litigation to the extent the documents or information sought can be obtained directly from the parties to this action. *See, e.g., Ameritox, Ltd. v. Millennium Labs., Inc.*, No. 12-cv-7493, 2012 WL 6568226 (N.D. Ill. Dec. 14, 2012) (granting motion to quash non-party subpoena because "the requests are cumulative and duplicative of discovery requests made to the party to the litigation").

No documents will be produced in response to this Request.

**Request No. 10:**

Produce all documents and communications You had with the County of Cook's Clerk's Office regarding Bank of America or Countrywide foreclosures, including documents and communications regarding foreclosures, payment of fees and appointment of special process servers.

**Response to Request No. 10:**

In addition to the foregoing Initial Objections, Objections to Instructions, and Objections to Definitions, Recipient objects to Request No. 10 on the grounds that:

- The Request is harassing, overly broad, unduly burdensome, and disproportional to the litigation because it seeks it seeks documents or information that are equally available to Cook County and thus no more burdensome for Plaintiff to locate than Recipient.

- The phrase "all documents and communications You had with the County of Cook's Clerk's Office regarding Bank of America or Countrywide foreclosures, including documents and communications regarding foreclosures, payment of fees and appointment of special process servers" is vague and ambiguous and fails to identify the documents sought with sufficient particularity as required by Federal Rule of Civil Procedure 34(b)(1)(A).

- The Request is overly broad, unduly burdensome, and disproportional to the litigation because "all documents and communications [Recipient] had with the County of Cook's Clerk's Office regarding Bank of America or Countrywide foreclosures," if any, are not relevant to the factual or legal issues raised by Plaintiff's Second Amended Complaint.

- The Request is overly broad, unduly burdensome, and disproportional to the litigation because "all documents and communications [Recipient] had with the County of Cook's Clerk's Office regarding Bank of America or Countrywide foreclosures," if any, are not relevant to the alleged practices of implementing an "equity stripping scheme" and "high cost and subprime loans" that form the basis of Plaintiff's allegations, and because it improperly seeks discovery about the Defendants' mortgage lending operations unrelated to loans made to minority borrowers that Plaintiff alleges violated the FHA.

- The Request is overly broad, unduly burdensome, cumulative, duplicative, and disproportional to the litigation to the extent the documents or information sought can be obtained directly from the parties to this action. *See, e.g., Ameritox, Ltd. v. Millennium Labs., Inc.*, No. 12-cv-7493, 2012 WL 6568226 (N.D. Ill. Dec. 14, 2012) (granting motion to quash non-party subpoena because "the requests are cumulative and duplicative of discovery requests made to the party to the litigation").

No documents will be produced in response to this Request.


**Request No. 11:**

Produce all communications You had with the County of Cook's Office of the Chief Judge or any judges with respect to foreclosures on Bank of America or Countrywide mortgages.

**Response to Request No. 11:**

In addition to the foregoing Initial Objections, Objections to Instructions, and Objections to Definitions, Recipient objects to Request No. 11 on the grounds that:

- The Request is harassing, overly broad, unduly burdensome, and disproportional to the litigation because it seeks it seeks documents or information that are equally available to Cook County and thus no more burdensome for Plaintiff to locate than Recipient.

- The phrase "all communications You had with the County of Cook's Office of the Chief Judge or any judges with respect to foreclosures on Bank of America or Countrywide mortgages" is vague and ambiguous and fails to identify the documents sought with sufficient particularity as required by Federal Rule of Civil Procedure 34(b)(1)(A).

- The Request is overly broad, unduly burdensome, and disproportional to the litigation because "all communications . . . with the County of Cook's Office of the Chief Judge or any judges with respect to foreclosures on Bank of America or Countrywide mortgages" are not relevant to the factual or legal issues raised by Plaintiff's Second Amended Complaint.

- The Request is overly broad, unduly burdensome, and disproportional to the litigation because "all communications . . . with the County of Cook's Office of the Chief Judge or any judges with respect to foreclosures on Bank of America or Countrywide mortgages" are not relevant to the alleged practices of implementing an "equity stripping scheme" and "high cost and subprime loans" that form the basis of Plaintiff's allegations, and because it improperly seeks discovery about the Defendants' mortgage lending operations unrelated to loans made to minority borrowers that Plaintiff alleges violated the FHA.

- The Request is overly broad, unduly burdensome, cumulative, duplicative, and disproportional to the litigation to the extent the documents or information sought can be obtained directly from the parties to this action. *See, e.g., Ameritox, Ltd. v. Millennium*

*Labs., Inc.*, No. 12-cv-7493, 2012 WL 6568226 (N.D. Ill. Dec. 14, 2012) (granting motion to quash non-party subpoena because "the requests are cumulative and duplicative of discovery requests made to the party to the litigation").

No documents will be produced in response to this Request.

**Request No. 12:**

Produce all communications You had with the County of Cook Recorder of Deeds relating to Bank of America and Countrywide mortgages.

**Response to Request No. 12:**

In addition to the foregoing Initial Objections, Objections to Instructions, and Objections to Definitions, Recipient objects to Request No. 12 on the grounds that:

- The Request is harassing, overly broad, unduly burdensome, and disproportional to the litigation because it seeks it seeks documents or information that are equally available to Cook County and thus no more burdensome for Plaintiff to locate than Recipient.

- The phrase "all communications You had with the County of Cook Recorder of Deeds relating to Bank of America and Countrywide mortgages" is vague and ambiguous and fails to identify the documents sought with sufficient particularity as required by Federal Rule of Civil Procedure 34(b)(1)(A).

- The Request is overly broad, unduly burdensome, and disproportional to the litigation because "all communications [Recipient] had with the County of Cook Recorder of Deeds relating to Bank of America and Countrywide mortgages," if any, are not relevant to the factual or legal issues raised by Plaintiff's Second Amended Complaint.

- The Request is overly broad, unduly burdensome, and disproportional to the litigation because "all communications [Recipient] had with the County of Cook Recorder of Deeds relating to Bank of America and Countrywide mortgages," if any, are not relevant to the alleged practices of implementing an "equity stripping scheme" and "high cost and subprime loans" that form the basis of Plaintiff's allegations, and because it improperly seeks discovery about the Defendants' mortgage lending operations unrelated to loans made to minority borrowers that Plaintiff alleges violated the FHA.

- The Request is overly broad, unduly burdensome, cumulative, duplicative, and disproportional to the litigation to the extent the documents or information sought can be obtained directly from the parties to this action. *See, e.g., Ameritox, Ltd. v. Millennium Labs., Inc.*, No. 12-cv-7493, 2012 WL 6568226 (N.D. Ill. Dec. 14, 2012) (granting motion to quash non-party subpoena because "the requests are cumulative and duplicative of discovery requests made to the party to the litigation").

No documents will be produced in response to this Request.

**Request No. 13:**

Produce all communications You had with the County of Clerk's Building and Zoning Department regarding properties secured by a Bank of America or Countrywide mortgage, including registration of vacant properties and maintenance of properties.

**Response to Request No. 13:**

In addition to the foregoing Initial Objections, Objections to Instructions, and Objections to Definitions, Recipient objects to Request No. 13 on the grounds that:

- The Request is harassing, overly broad, unduly burdensome, and disproportional to the litigation because it seeks it seeks documents or information that are equally available to Cook County and thus no more burdensome for Plaintiff to locate than Recipient.

- The phrase "all communications You had with the County of Clerk's Building and Zoning Department regarding properties secured by a Bank of America or Countrywide mortgage, including registration of vacant properties and maintenance of properties" is vague and ambiguous and fails to identify the documents sought with sufficient particularity as required by Federal Rule of Civil Procedure 34(b)(1)(A).

- The Request is overly broad, unduly burdensome, and disproportional to the litigation because "all communications [Recipient] had with the County of Clerk's Building and Zoning Department," if any, are not relevant to the factual or legal issues raised by Plaintiff's Second Amended Complaint.

- The Request is overly broad, unduly burdensome, and disproportional to the litigation because "all communications [Recipient] had with the County of Clerk's Building and Zoning Department," if any, are not relevant to the alleged practices of implementing an "equity stripping scheme" and "high cost and subprime loans" that form the basis of Plaintiff's allegations, and because it improperly seeks discovery about the Defendants' mortgage lending operations unrelated to loans made to minority borrowers that Plaintiff alleges violated the FHA.

- The Request is overly broad, unduly burdensome, cumulative, duplicative, and disproportional to the litigation to the extent the documents or information sought can be obtained directly from the parties to this action. *See, e.g., Ameritox, Ltd. v. Millennium Labs., Inc.*, No. 12-cv-7493, 2012 WL 6568226 (N.D. Ill. Dec. 14, 2012) (granting motion to quash non-party subpoena because "the requests are cumulative and duplicative of discovery requests made to the party to the litigation").

No documents will be produced in response to this Request.

**Request No. 14:**

Produce all documents and communications You had with, including presentations by, the County of Cook's Sherriff's Office regarding service of summonses, foreclosure property sales and judicial sales.

**Response to Request No. 14:**

In addition to the foregoing Initial Objections, Objections to Instructions, and Objections to Definitions, Recipient objects to Request No. 14 on the grounds that:

- The Request is harassing, overly broad, unduly burdensome, and disproportional to the litigation because it seeks it seeks documents or information that are equally available to Cook County and thus no more burdensome for Plaintiff to locate than Recipient.

- The phrase "all documents and communications You had with, including presentations by, the County of Cook's Sherriff's Office regarding service of summonses, foreclosure property sales and judicial sales" is vague and ambiguous and fails to identify the documents sought with sufficient particularity as required by Federal Rule of Civil Procedure 34(b)(1)(A).

- The Request is overly broad, unduly burdensome, and disproportional to the litigation because "all documents and communications [Recipient] had with . . . the County of Cook's Sherriff's Office," if any, are not relevant to the factual or legal issues raised by Plaintiff's Second Amended Complaint.

- The Request is overly broad, unduly burdensome, and disproportional to the litigation because "all documents and communications [Recipient] had with . . . the County of Cook's Sherriff's Office," if any, are not relevant to the alleged practices of implementing an "equity stripping scheme" and "high cost and subprime loans" that form the basis of Plaintiff's allegations, and because it improperly seeks discovery about the Defendants' mortgage lending operations unrelated to loans made to minority borrowers that Plaintiff alleges violated the FHA.

- The Request is overly broad, unduly burdensome, cumulative, duplicative, and disproportional to the litigation to the extent the documents or information sought can be obtained directly from the parties to this action. *See, e.g., Ameritox, Ltd. v. Millennium Labs., Inc.*, No. 12-cv-7493, 2012 WL 6568226 (N.D. Ill. Dec. 14, 2012) (granting motion to quash non-party subpoena because "the requests are cumulative and duplicative of discovery requests made to the party to the litigation").

No documents will be produced in response to this Request.

HEAVNER, BEYERS & MIHLAR, LLC

By_____
          Meredith Pitts of Heavner,
          Beyers & Mihlar, LLC

HEAVNER, BEYERS & MIHLAR, LLC
111 E. Main St.
Decatur, Illinois  62523
(217) 422-1719
meredithpitts@hsbattys.com