UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COUNTY OF COOK,<br><br>                Plaintiff,<br><br>   v.<br><br>BANK OF AMERICA CORPORATION,<br>*et al.*<br>                Defendants. | Case No. 14 C 2280<br><br>Magistrate Judge Sunil R. Harjani |

**ORDER**

      Plaintiff Cook County has brought a motion for sanctions against Goodwin Procter LLP. Specifically, Plaintiff contends that Goodwin's representation of several confidential witnesses (CWs) and Defendants was a clear conflict of interest, and resulted in Plaintiff bringing a motion to disqualify Goodwin and the expenditure of expert fees to support its motion. According to Plaintiff, Defendants' conduct is sanctionable under 28 U.S.C. § 1927 and the Court's inherent authority to sanction a party for bad faith conduct.

      Section 1927 authorizes a court to sanction an attorney who "multiplies the proceedings unreasonably and vexatiously" by requiring the attorney to "satisfy personally" the excess costs (including fees) "reasonably incurred because of such conduct." A finding of subjective bad faith on the part of the offending attorney will support the imposition of sanctions under § 1927, but such a finding is not necessary; "objective bad faith" will also support a sanctions award. *Dal Pozzo v. Basic Mach. Co.*, 463 F.3d 609, 614 (7th Cir. 2006)(collecting cases). "If a lawyer pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, the conduct is objectively unreasonable and vexatious. To put this a little differently, a lawyer engages in bad faith by acting recklessly or with indifference to the law, as well as by acting in the teeth of what he knows to be the law...." *Boyer v. BNSF Ry. Co.*, 824 F.3d 694, 708 (7th Cir. 2016) (*citing In re TCI Ltd.*, 769 F.2d 441, 445 (7th Cir. 1985)). "Simple negligence, on the other hand, will not suffice to invoke section 1927." *Id.* at 708. It bears repeating that "[a] court should not impose sanctions on a party that loses an argument, as long as the argument was not entirely groundless." *Philos Techs., Inc. v. Philos & D, Inc.*, 802 F.3d 905, 917 (7th Cir. 2015). Similarly, the Court's inherent power permits a court to sanction attorneys "for actions taken in bad faith, vexatiously, wantonly, or for oppressive reasons." *Johnson v. Cherry*, 422 F.3d 540, 548–49 (7th Cir.2005) (*citing Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991)).

      Plaintiff's motion is without merit. *First,* Plaintiff's motion to disqualify Goodwin Procter was denied as moot by the district judge. This is because, while Goodwin opposed the motion and briefed the issue, it also chose to withdraw from representing the CWs and retain separate counsel for the CWs. This Court managed the procedure for the retention of new counsel, which resulted in mooting Plaintiff's motion and its original request for sanctions. Thus, it is important to recognize that the district judge did not make any findings on the issue of a conflict of interest in

favor of Plaintiff. Moreover, the district judge's questions and comments at a motion hearing on the matter should not be viewed any other way --- it is elementary that part of a judge's task at a hearing is to ask questions of counsel to test and explore arguments. Questions and comments are not findings. Thus, Plaintiff cannot rely on the district judge's comments or order on its motion in advocating that it was victorious.

*Second,* Goodwin's opposition to Plaintiff's motion was not objectively unreasonable or vexatious. Plaintiff and Goodwin vigorously contested each other's positions. But neither party's position was unreasonable. Plaintiff contended that Goodwin could not represent the CWs as they were adverse to Goodwin's existing client – the bank – because certain CWs had provided new declarations that allegedly retracted their former statements made to Plaintiff's counsel. Defendant, on the other hand, asserted that the CWs were interviewed voluntarily, when there was no attorney-client relationship, obtained the declarations, and then later offered to represent the CWs (who were former bank employees) with conflict waivers, given the possibility that the CWs could provide testimony in the future. Goodwin further asserted that a conflict had not materialized, given that the CWs could adhere to their new declarations rather than their old ones. Beyond that, there was a colorable argument as to whether the CWs declarations were entirely inconsistent or rather simply provided more detail on the CWs' prior statements. Both parties supported their positions with declarations from expert witnesses. The Court has reviewed both declarations, and these expert witnesses laid out in detail why they believed their position was a correct interpretation of the applicable ethical rules, whether a conflict of interest existed, and whether Goodwin's representation was permissible. Both declarations carefully outline the ethical issues involved with supporting citations. Neither declaration is objectively unreasonable, frivolous, reckless, or made in bad faith. Frankly, if any opinion went too far, it would be Plaintiff's expert, who brashly stated: "Prima facie evidence exists that Goodwin Procter suborned perjury from their confidential witnesses by obtaining false declarations under penalty of perjury[.]" Doc. 391. at §3. It is hard to accept such a bold statement given that the factual record on the matter was minimal, nor is it clear that the witness was qualified to render such an opinion. Ultimately, the district judge would have decided which position was more persuasive if she had ruled on the motion, but for present purposes, nothing in Goodwin's filing or declaration demonstrates bad faith, unreasonable or vexatious conduct, or a groundless argument. *See Harriston v. Chicago Tribune Co.*, 136 F.R.D. 482, 485 (N.D. Ill. 1991) (denying sanctions under § 1927 because, while Plaintiff lost a motion to disqualify counsel, the motion was not "so lacking in legal or factual basis as to be implausible."). Beyond that, four of the CWs had not provided any prior declarations and the only declarations provided were to Goodwin, which raises a colorable issue as to whether there was any potential conflict of interest at all for these four CWs.

*Third*, the fact that Goodwin decided to withdraw from its representation of the CWs is of no moment. Goodwin was within its rights to choose to avoid protracted litigation on the issue by looking for a simpler solution, which in this case was retaining separate counsel for the CWs. As Goodwin has represented, it sought to avoid a distraction from the merits of the case by continuing to contest Plaintiff's motion and expending resources on the matter. That position is not akin to a surrender and a victory for Plaintiff, but more akin to a calculated decision to compromise and move forward.

*Fourth*, it is not clear that Defendants unreasonably or vexatiously multiplied any proceedings. Indeed, it was Plaintiff that brought the disqualification motion, Plaintiff who hired an expert witness and expended $88,278 for its expert declaration, and it is Plaintiff that is continuing to litigate this issue through this sanctions motion when the issue has been resolved. *See GNP Commodities Inc. v. Wotton*, 1991 WL 28222 (N.D. Ill. Feb. 25, 1991) ("[t]he Court would note that the present motion for sanctions itself has multiplied these proceedings. The motion has forced the Court to expend substantial time revisiting a motion on which the Court never issued an opinion and that has long been moot."). Furthermore, Goodwin could have continued to fight the issue through advocating for a ruling by the district judge, but sought to conserve additional resources by voluntarily choosing to withdraw from the representation. Goodwin's conduct appears to be reducing, not multiplying, the proceedings.

Plaintiff's motion for sanctions against Goodwin Procter LLP [493] is denied.

**SO ORDERED.**

Dated: August 25, 2020

_____
Sunil R. Harjani
United States Magistrate Judge