**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| COUNTY OF COOK,<br><br>                    Plaintiff,<br>v.<br><br><br>BANK OF AMERICA CORPORATION,<br>BANK OF AMERICA, N.A., COUNTRYWIDE<br>FINANCIAL CORPORATION,<br>COUNTRYWIDE HOME LOANS, INC.,<br>COUNTRYWIDE BANK, FSB,<br>COUNTRYWIDE WAREHOUSE LENDING,<br>LLC, BAC HOME LOANS SERVICING, LP,<br>MERRILL LYNCH & CO., INC., MERRILL<br>LYNCH MORTGAGE CAPITAL INC., AND<br>MERRILL LYNCH MORTGAGE LENDING,<br>INC.,<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     CIVIL ACTION NO.:  1:14-cv-2280 |

**PLAINTIFF'S RESPONSE TO DEFENDANTS'**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff County of Cook ("County" or "Plaintiff"), by and through counsel, responds to

Defendants' Motion For Leave To File Supplemental Authority, ECF No. 654, as follows.

Defendants' Notice is irrelevant to the pending matter.  This Court has ruled that Cook

County is precluded from pursuing its property tax related damages, notwithstanding that Cook

County's alleged property tax damages are the direct result of Defendants' discriminatory

foreclosure practices – causation that is vastly different from the City of Oakland's tax damage

claims based solely on Defendants' discriminatory lending practices.

Moreover, it should be noted that, while the Maryland District Court granted Wells Fargo's

renewed request for interlocutory appeal, the District Court specifically "affirmed its own

proximate cause analysis as set forth in its Third Memorandum Opinion." Order at 9. In that decision the Maryland District Court found that the plaintiff counties adequately pled proximate cause at the motion to dismiss stage as to their property tax related damages and increased municipal expenditures caused by Defendants' alleged discriminatory foreclosures. *See Prince George's County, Md. v. Wells Fargo & Co.*, 520 F. Supp. 3d 747, 756-57 (D. Md. 2021). Accordingly, the District Court specifically limited the question certified on appeal solely to whether:

> ***At the motion to dismiss stage,*** do the Counties' claims for economic injuries to their tax bases and for increased municipal services-which are based on regression analysis-satisfy the FHA's proximate cause requirement?

Order at 9 (emphasis added).

Dated: December 29, 2021

Respectfully Submitted,

**KIMBERLY M. FOXX,**
**STATE'S ATTORNEY FOR COOK COUNTY**

*/s/ Kenneth A. Wexler*
Kenneth A. Wexler
*kaw@wbe-llp.com*
**WEXLER BOLEY & ELGERSMA LLP**
55 West Monroe, Suite 3300
Chicago, Illinois 60603
Telephone: (312) 346-2222

James M. Evangelista (*pro hac vice*)
*jim@ewlawllc.com*
David J. Worley (*pro hac vice*)
*david@ewlawllc.com*
Kristi Stahnke McGregor (*pro hac vice*)
*kristi@ewlawllc.com*
Leslie G. Toran *(pro hac vice)*
*leslie@ewlawllc.com*
**EVANGELISTA WORLEY, LLC**
500 Sugar Mill Road
Suite 245A
Atlanta, Georgia 30350

Telephone: (404) 205-8400

Sanford P. Dumain (*pro hac vice*)
*sdumain@milberg.com*
Jennifer S. Czeisler (*pro hac vice*)
*jczeisler@milberg.com*
Roy Shimon (*pro hac vice*)
*rshimon@milberg.com*
**MILBERG PHILLIPS GROSSMAN LLP**
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Telephone: (212) 594-5300

***Special Assistant State's Attorneys***

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I caused a true and correct copy of the foregoing PLAINTIFF'S RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY to be served upon counsel of record as of this date by electronic filing with the Clerk of Court for the United States District Court of the Northern District of Illinois by using the CM/ECF system.

Dated: December 29, 2021              */s/ Kenneth A. Wexler*
                                           Kenneth A. Wexler